JOHN G. NELSON *et al.*, Plaintiffs in Error, *v.* ISAAC COOK, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

There is no right of contribution as between tort-feasors or trespassers.
An express promise of indemnity is void, as against a trespass, crime, or wrong. But in a question of doubt as to ownership of property, and when the act to be done is not apparently wrong, or known to be so, an indemnity for an act done in relation to it may be implied, and a suit will lie.
There is no implication of indemnity to a sheriff for the execution of a process, put into his hands, without direction to execute it in a particular manner.

THIS was an action of *assumpsit*, commenced by Isaac Cook, late sheriff of Cook county, against the plaintiffs in error, in the Lake County Circuit Court, by attachment, and afterwards removed to the Cook County Court of Common Pleas, and tried before J. M. WILSON, Judge, at the September term, 1855.

The affidavit for the attachment sets forth, that the plaintiffs in error were indebted to the defendant in error upon an implied contract arising as follows: That while said Isaac Cook was sheriff of Cook county, in June, 1848, said Nelson and Graydon, as creditors of Augustus E. Miller and David R. Clements, a firm then doing business in Chicago, sued out an attachment from the Cook County Court of Common Pleas, in their own names, against the estate of the said Miller and Clements, directed to the sheriff of Cook county to execute, which was delivered to said Cook (the then sheriff) by the attorney and agent of said Nelson and Graydon, to be executed; and, in pursuance of the instructions of said Graydon and his attorney, said Cook attached a stock of dry goods and groceries, and a store in Chicago, of the value of three thousand dollars or thereabouts, which stock and store were claimed by one Jacob Miller as his property, but which said Cook was directed by said Graydon and his attorney to seize as the estate of Miller and Clements, and in pursuance of the instructions said Cook did seize the property about the 12th of June, 1848.

That, at the February term of the Cook County Court of Common Pleas, held in the year 1850, the said Jacob Miller, in an action of trespass *de bonis asportatis*, commenced against said defendant in error for attaching said property as the property of Miller and Clements, at the suit of Nelson and Graydon, did recover a judgment against said Cook for the sum of three thousand two hundred dollars, and upwards, which judgment was affirmed by the Supreme Court of Illinois; and that said Cook was compelled to pay the same, with costs and expenses;

and that the amount of damages sustained by him was four thousand two hundred dollars, which sum said Nelson and Graydon owed to said Cook by implied promise; and that Miller and Clements were about to leave the State with the intention of having their effects removed; upon which affidavit an attachment writ was issued, which was duly served upon certain garnishees therein named.

The defendant in error filed his declaration, setting forth his cause of action substantially as embodied in the attachment affidavit.

To this declaration the plaintiffs in error filed the general issue and eight special pleas.

A general demurrer to the second and fifth pleas, and a special demurrer to the third plea, were severally sustained by the court.

The fourth plea is as follows: protesting that plaintiff was not sheriff of Cook county, and that Beach was not deputy; and further protesting, that defendants did not sue out or deliver to said Beach the attachment writ, and the defendants did not direct Beach, as deputy, to levy, nor did Beach levy, in manner and form, &c.; and further protesting, that Jacob Miller did not recover the judgment for the causes mentioned in the declaration; and further protesting, that the said plaintiff was compelled to pay, and did not pay, the several sums of money in said declaration mentioned as the plaintiff hath alleged; for plea, nevertheless, defendants say that the property, before and at the time of the levy, was the property of Jacob Miller, and was, before and at the time of the levy, in his possession, of all which, Beach then and there had notice; without this, that defendants did assume and promise, in manner, &c., and this the defendants are ready to verify; wherefore they pray judgment, &c.

To this plea plaintiffs replied, protesting that said goods, &c., were not Jacob Miller's property, and were not in his possession, and the plaintiff says that he had no notice that said goods, &c., were the property of said Miller; and this he prays may be inquired of by the country; upon which replication, issue was joined.

The eighth plea is as follows: plaintiff ought not to recover for any further sum than the sum of one hundred and five dollars, because, although defendants cannot deny that they did assume and promise to pay the plaintiff all such sums as he had necessarily been compelled to pay, in consequence of the levy upon said property, and the detention thereof, by virtue of said attachment; for plea, nevertheless, defendants say, that the value of said property, at the time of the levy, was the sum of $2,943, and no other or greater sum of money; and that Jacob Miller recovered, by his judgment, as for the value of said merchandise,

&c., at the time of the levy, the said sum of $2,943, and no further or greater sum of money, together with interest at the rate of six per cent. per annum on the last mentioned sum of money to the time of the rendition of the judgment, making the sum of $293.23, besides the value of said property, as and for the use of said value thereof; and said defendants further say, that said plaintiff, on the 30th December, 1848, converted and disposed of the said property to and for his own use, and the value of said property at the time of conversion was the sum of $2,943, and that Jacob Miller did not, by his judgment, recover any further or greater sum than the sum of one hundred dollars, as and for the use of the value of said property, from the time of the levy to the time of conversion of the same by the plaintiff to his own use; and as to the rest and residue of said sums of money in said declaration mentioned, except the sum of ten dollars, the said defendants say, that the said plaintiff was compelled to pay, and did pay, them and each of them, by reason of the said plaintiff attempting to justify the wrongful conversion of said merchandise, &c., to his own use as aforesaid, and not by reason of said levy; and as to the said sums of one hundred dollars and ten dollars, the said defendants cannot say aught why the plaintiff should not have judgment against them for said sums over and above his costs; and this the defendants are ready to verify. Wherefore the defendants pray judgment if the said plaintiff ought to have or maintain his action for any further or other sums than those confessed herein.

The plaintiff's replication to the eighth plea is as follows: That it is not true that plaintiff has not necessarily been compelled to pay, in consequence of said levy upon said property and the detention thereof, any other or greater sums of money than said sum of one hundred and ten dollars in said plea mentioned; but avers the contrary to be true, and that plaintiff did necessarily pay, in consequence of said levy, the said sum of thirty-two hundred and sixty-five dollars and thirty-one and three-fourth cents; and this he prays may be inquired of by the country.

Upon which issue was joined by the plaintiffs in error.

The sixth and seventh pleas were withdrawn by the defendants, and issue being joined upon the plea of the general issue and plea of set-off, the cause was then submitted to the court without the intervention of a jury, and, upon a hearing, the plaintiffs introduced in evidence an affidavit for an attachment in the suit of *Nelson & Graydon* v. *Augustus Miller and David R. Clements*, filed in the Cook County Court, for the sum of $1,120.11, upon two certain promissory notes, setting forth the indebtedness, and that Miller and Clements were about to depart

from the State of Illinois, with the intention of having their goods, chattels, and effects removed therefrom, which was sworn to by William Graydon on the 12th of June, 1848.

Also, an attachment bond in said suit of *Nelson & Graydon* v. *Miller and Clements*, and an attachment writ in said suit; and the indorsements and return upon said writ, showing service upon Miller and Clements and others therein named, and the levying of the same upon a large amount of personal property, and also a store " which has been occupied by Miller and Clements."

Also, the notice of publication and the declaration filed in said cause by the attorneys of Nelson and Graydon, with the copy of notes sued on.

Also, the plea of Miller and Clements, traversing the facts stated in the attachment affidavit, that, at the time when the attachment was issued, they were absent from the State with the intention of having their goods, chattels, and effects removed, and the affidavit attached to the same, and the replication to said plea.

Also, the verdict in said cause and the judgment thereon.

The plaintiff then introduced the *præcipe*, writ, declaration, plea and notice, in the case of *Jacob Miller* v. *Isaac Cook*, in an action of trespass *de bonis asportatis*, commenced in the Cook County Court on the 15th day of August, 1848.

The first count of the declaration is for a trespass committed by defendant (Cook) on the 12th of June, 1848, in seizing certain goods and chattels, and a wooden building occupied as a store, and converting the same to defendant's use.

The second count is for entering the store of plaintiff and damaging the same.

The third count, seizing the goods in the first count mentioned, and converting the same, and for entering plaintiff's store and ejecting him therefrom, to the damage of the plaintiff of $4,000.

The defendant filed the general issue with notices.

*First.* That defendant, at the time when, &c., was acting sheriff of Cook county, and from that time until the commencement of this suit continued such sheriff, and at the time and place in the declaration mentioned, he did, by John Beach, his deputy, seize the goods, &c., as the property of Augustus Miller and David R. Clements, found in their store in Chicago, in their possession and control, by virtue of a writ of attachment duly issued by the clerk of this court, and directed to the sheriff of Cook county, at the suit of William Graydon and John G. Nelson, commanding the sheriff to levy upon the real and personal estate of Augustus Miller and David R. Clements; and said defendant, as sheriff, by virtue of said writ, by his deputy, levied

and took said goods and chattels, as the property of Miller and Clements, found in their possession, and the same were the property of Miller and Clements, and not the property of the plaintiff.

*Second.* That the defendant, before and at the time of the alleged taking, was sheriff of Cook county, and that Henry Yelverton, Robert Yelverton, and George A. Fellows, at the June term, 1846, obtained a judgment against Miller & Clements for the sum of $1,309.92, damages, and costs of suit, upon which judgment an execution was issued and placed in defendant's hands to be executed, by which writ he was directed to levy upon Miller & Clements' property, and by virtue of such execution he did levy upon the property as the property of Miller & Clements, and that the property belonged to Miller & Clements, and was not the property of plaintiff.

*Third.* That as sheriff of Cook county, by writs of attachment and *fieri facias* above mentioned, he levied at the time when, &c.; that he was then and there sheriff of said county, and that the goods and chattels were the property of the defendants of said writ, and not the property of the plaintiff.

The plaintiff then introduced the verdict in the case for the sum of $3,236.23 ; and the motion for new trial, and judgment upon the verdict.

Also, the execution in the case of *Jacob Miller* v. *Isaac Cook*, with the return thereon—the execution being for $3,236.23, damages, and $21.23¾ costs. The return shows the payment of the amount of the execution, interest, and costs, by Cook, the defendant.

It was admitted, on the part of defendant, that Cook was, at the time of the levy of the attachment, sheriff of Cook county, and John Beach was his deputy.

The defendants, to sustain the issue on their part, introduced the *præcipe*, summons, and declaration in the case of *Yelverton et al.* v. *Miller & Clements.*

Also, the judgment of *Yelverton, Yelverton & Fellows*, v. *Miller & Clements*, rendered in the Cook Circuit Court for $1,309.92 and costs.

Also, the execution issued on said judgment on the 13th of June, 1848, and the indorsement thereon.

The indorsement on the writ is as follows :

" By virtue of this writ, and by the direction of the plaintiff's attorney, I levied the same upon certain goods and chattels of the defendants which had been previously taken by me on a writ of attachment issued from the Cook County Court on the 12th day of June, A. D., 1848, in favor of John G. Nelson and William Graydon against the estate, real or personal, of the said defendants, Miller & Clements, and executed on the same day, which property attached and levied upon is more fully described by schedule hereto annexed, which levy is subject to said

attachment, and I herewith return this writ and schedule. The property not sold, for the reason that said attachment writ is not disposed of but returned into court, subject to the order of court in the premises."

"By virtue of the within execution, I did, on the 13th day of June, 1848, levy upon the property here scheduled, and on the 30th day of December, 1848, at the store of Miller & Clements, in the city of Chicago, between the hours of 10 o'clock in the morning and sundown of the same day, after advertising the same according to law the property scheduled, and that, therefore, T. O. Donahue and others, bid therefor, in separate parcels, the sum of $949.83, and after deducting the clerk's costs of $5.68¾, and the sheriff's fees of $29.48, and for clerk hire in keeping said goods $134.63, in all $169.79, leaving a balance of $785.72 to be applied to the payment of this execution, and no property found to make the balance, and this execution is not satisfied. I. COOK, *Sheriff.*
*December 30th,* 1848. BY JOHN BEACH, *Dep'y.*"

"By virtue of the within execution, I have levied upon the following property, subject to attachment issued from the office of the clerk of the Cook county court, dated June 12, 1848, in favor of John Nelson and William Graydon, and against Augustus Miller and David R. Clements, (to wit:) all the goods and store which has been occupied by Miller & Clements, as will appear from the within schedule.
I. COOK, *Sheriff.*
*June 13th,* 1848. BY JOHN BEACH, *Deputy.*"

The plaintiff then admitted payment of $785.72 by a sale under the execution in favor of *Yelverton et al.* v. *Miller & Clements,* which amount should be deducted from the plaintiff's demand.

Plaintiffs then introduced Buckner S. Morris, who stated, that he was one of the firm of Morris & Brown, who were the attorneys of Nelson & Graydon in their attachment suit against Miller & Clements; that he was not present when the affidavit for the attachment was made, or when the writ was issued; that he knew nothing of the matter until after the attachment was levied; Graydon was in town and knew that the attachment was levied; I know that Graydon was here at the time of the levy; the attachment and execution were levied within twenty-four hours of each other; Graydon afterwards corresponded with us, and directed us about the steps to sustain the attachment; the attachment suit was contested by the attorneys of Nelson & Graydon until it was quashed.

The court, after hearing the evidence, found the issue for the plaintiff, and assessed his damages at $2,603.

The defendants moved for new trial, the motion was overruled, defendants excepted, and brought the suit to this court by writ of error.

C. BECKWITH, and WILLIAMS and WOODBRIDGE, for Plaintiffs in Error.

BURTON and WINSTON, for Defendant in Error.

SCATES, C. J. The principle laid down in *Merriweather* v. *Nixan*, 8 Term R. 186, that there is no right of contribution as between tort-feasors, or trespassers, has been, and still is, recognized as unquestionable law. But this does not affect the right of indemnity where a right of indemnity exists.

There has been some little diversity of opinion, in the proper application of the rule of distinction, or exception to the general rule, in *Merriweather* v. *Nixan*, in agreeing upon the facts and circumstances, which raise the exception. I regard the following distinctions, however, to be well settled and supported by authority. Where a party is employed in his usual course of business, as an auctioneer, or warehouseman, to sell, or deliver goods, by one claiming to have right so to do, and the contrary is not known to the employee, he may have an action for an implied promise of indemnity, for the damages he may be compelled to pay to the true owner, for the trespass or conversion committed by such sale or delivery. *Betts* v. *Gibbins*, 2 Ad. and Ellis R. 57, (29 Eng. C. L. R. 37); *Adamson* v. *Jarvis*, 4 Bingh. R. 66, (13 Eng. C. L. R. 343); Story on Agency, Sec. 339.

But where one is employed or directed to do or commit a known crime, misdemeanor, trespass or wrong, and the employee or agent knows it to be such, an express promise of indemnity is void, being against the peace and policy of the law. Story on Agency, Sec. 339, (18 Law Lib. top 172); Brown's Leg. Max. 328, 329, (25 Law Lib. top 211); *Holman* v. *Johnson et al.*, 1 Cowp. R. 341; *Coventry* v. *Barton*, 17 John. R. 142.

Yet where the question of title to the property is one of doubt, controversy or uncertainty, or the act to be done is not an apparent wrong, and the person or agent employed or directed to do the act, does not know that it is a wrong or trespass; in such case, he may sue and recover indemnity from his employer, upon an implied assumption to save him harmless for the act. See authorities last above, and note to *Farebrother* v. *Ansley*, 1 Campb. R. 348; *Gower* v. *Emery*, 18 Maine R. 83.

This relation, however, of principal and agent, or employee, is not raised by the simple delivery of a writ of capias, attachment, fieri facias and the like, to the officer, or his deputy. There is no implication of indemnity for their trespasses and wrongs in the execution, or attempt to execute process put into their hands, without any specific direction to do particular acts, or take particular goods under it. This is illustrated as between the sheriff and his deputy, in the case of *Farebrother* v. *Ansley*, 1 Campb. R. 343; and in relation to the liability of plaintiffs in process to the sheriff, by *Wilson* v. *Milner*, 2 Campb. R. 452; *England* v. *Clark*, 4 Scam. R. 486; *Coventry* v. *Barton*, 17

John. R. 142; *Averill* v. *Williams*, 1 Denio R. 502; *Humphreys* v. *Pratt*, 5 Queen Bench R. 820, referred to in 6 Mees. & Welsb. Exch. R. note 387, overruling the decision S. C. in 5 Bligh. N. R. 154; *Marshall* v. *Hosmer*, 4 Mass. R. 62; *Bond* v. *Ward*, 7 Mass. R. 123; *Avery* v. *Halsey*, 14 Pick. R. 174; *Fitler* v. *Fossard*, 7 Penn. State R. 540; *Saunders et al.* v. *Harris*, 4 Humph. R. 72. The facts in *Gower* v. *Emery*, 18 Maine R. 79, show a special direction, or will justify its inference, and what the court say, must be understood as upon the case before them.

Under these well settled principles, the defendant is not entitled to recover, upon an implied indemnity, nor without an express promise, or particular directions about the levy. Proof that plaintiffs endeavored to sustain the attachment upon the levy, is wholly insufficient for this purpose, and none other appears. Again, a recovery in trespass for taking, or in trover for converting chattels, followed by satisfaction, vests the property in the defendant: "*Solutio pretii emptionis loco habetur.*" *Adams* v. *Broughton*, 2 Strange R. 1078; Note *c* to 37 Eng. C. L. R. top 164; Note *a* to 46 Eng. C. L. R. top 640; *Cooper* v. *Shepherd*, 3 Mann, Grang. and Scott R. 266, (54 Eng. C. L. R. top 265.)

Thus treating the sheriff as agent, in whom the property was vested by the recovery, for the benefit of the plaintiffs, his principals, he may forfeit his title to repayment of his advances and disbursements, by his own gross negligence, fraud or misconduct, and be excluded from all remedy against his principal. Story on Agency, Sec. 348.

The defendant misapplied the property, and converted it to his own use by a sale and payment to another, of the proceeds.

Judgment reversed and cause remanded.

*Judgment reversed.*