### Richard E. Cox v. Warren S. Crippen.

*Stay of execution,*—*attestation of by the Justice.*—The undertaking of one who became surety for a stay of execution in pursuance of the statute, is in the nature of a confession of judgment, and to render the same obligatory upon the surety, it must be executed in the presence of the Justice, and be witnessed by him.

The subscription by the Justice to an undertaking by a surety, in due form, to stay an execution, approving such surety as stay, is not a sufficient attestation within the meaning of §3804 of the Comp. Laws, and an undertaking so attested is void.

*Heard October 4. Decided October 17.*

Case made after judgment from Kalamazoo Circuit. The facts are sufficiently stated in the opinion.

Cox *v.* Crippen.

*Thomas R. Sherwood,* for plaintiff:

1. A substantial compliance with the form given is all the law requires. — 2 *C. L.,* §3804.

Exact language, or that which is mere formal, is not essential. — *Howard v. People,* 3 *Mich.,* 208; *Kinyon v. Fowler,* 10 *Mich.,* 18; 1 *Doug.,* 384; 1 *J. Cases,* 20; 1 *Cain's R.,* 593.

·2. The statute form is substantially complied with in this case. The approval of stay by the Justice, signed in his official capacity, though informal, is a sufficient attestation.

The date to the stay is only formal. The substantial requirements are, the promise to pay, the sum to be paid, the time of payment, signature of surety, and that of Justice. These are all ascertained without reference to date of stay. — 2 *C. L.,* §3804; *Shadbolt v. Bronson,* 1 *Mich.,* 85.

The Justice permitted the stay to be entered upon his docket. The law will presume it done within the proper time. — 1 *Phil. Ev.,* 195; 1 *Cow. and Hill's Notes,* 485; 2 *Cow. T.,* 403; *Clark v. Crane,* 5 *Mich.,* 151; 14 *John,* 182; 21 *Wend.,* 184.

In any event, the time of putting in stay may be proved by the Justice. — 2 *C. L.,* §3894; *Hickey v. Hinsdale,* 8 *Mich.,* 267; 2 *Wend.,* 446; 14 *Wend.* 568.

3. If date of entering stay should appear to comply with the statute, the date of judgment in this case must be taken as that of stay. The docket itself sufficiently shows that fact. — *Rush v. Whitney,* 4 *Mich.,* 495.

*Stuart, Edwards & Severns,* for defendant:

1. The entry of stay of execution allowed by Comp. Laws, §3804, is a special proceeding not after the course of the common Law. The validity of such an entry is, therefore, to be determined by the strict rules governing that class of proceedings.

Cox v. Crippen.

It is a general rule governing the proceedings of tribunals exercising a special jurisdiction, that they are confined strictly to the authority given them by the Statute under which they act. This rule has been steadily and constantly applied in the reported decisions of this Court. — *Beach v. Botsford*, 1 *Doug.*, 199; *Wight v. Warner*, 1 *Doug.*, 384; *Greenvault v. F. and M. Bank*, 2 *Doug.*, 498; *Spear v. Carter*, 1 *Mich.*, 19; *Shadbolt v. Bronson*, 1 *Mich.*, 85; *Buckley v. Lowrey*, 2 *Mich.*, 418; *Wilson v. Arnold*, 5 *Mich.*, 98; *Chandler v. Nash*, 5 *Mich.*, 409; *Osborn v. Robbins*, 10 *Mich.*, 277; *Nelson v. Hyde*, 10 *Mich.*, 521; *Platt v. Stewart*, 10 *Mich.*, 260; *See, also, Howard v. People*, 3 *Mich.*, 207.

The jurisdiction in such cases must be affirmatively shown upon the face of the record. — *Wight v. Warner, supra; Greenvault v. F. and M. Bank*, at p. 511, *supra; Chandler v. Nash*, p. 416, *supra; Gilbert v. Columbia Turnpike Co.*, 3 *Johns. Cas.*, 107; *Bates v. Branch Bank of Mobile*, 2 *Ala.*, 689; *Brown v. Wheeler*, 3 *Ala.*, 287; *Zurcher v. Magee*, 2 *Ala.*, 253; *Devall v. Taylor*, 1 *Cheves*, 5; *Snediker v. Quick*, 1 *Green*, 306; *N. J. Railroad v. Suydam*, 2 *Harr.*, 25; *See, also*, 3 *Blackf.*, 230; 6 *Shep.*, 340; 16 *Vt.* 246; 2 *Dev.*, 431; 4 *Dev.* 305; *R. M Charlt*, 302; 3 *Green.*, 57.

Nothing in their favor can be raised by implication, nor can evidence *aliunde* the record be invoked to help out the averments of the record.

See the cases last cited, and also, *Boomer v. Laine*, 10 *Wend.*, 525; *Sayles v. Briggs*, 4 *Met.*, 421; *Kendall v. Powers*, 4. *Met.*, 553; *Wells v. Stevens*, 2 *Gray*, 115; *Dunning v. Corwin*, 11 *Wend.*, 647.

Probably it may be stated as a general proposition, that everything which it is the duty of the officer to enter upon his record, or docket, and which is an essential element in giving legal value to the proceeding, can never be proven by parol.

COX v. CRIPPEN.

The statute, by a clear implication, requires the entry of the stay to be witnessed. The want of an attestation where the statute requires it in a special proceeding, makes the whole void. — *Beach v. Botsford*, 1 *Doug.* 199.

Jurisdiction in such cases is not conferred by consent — *Beach v. Botsford*, *supra ; Spear v. Carter*, *supra ; Nelson v. Hyde*, 10 *Mich.*, 521; *Dudley v. Mayhew*, 3 *Coms.*, 9; *Beach v. Norton*, 5 *Seld.*, 35; *McNair v. Gilbert*, 3 *Wend.*, 344.

One is not bound if he signs as security a void contract, though he believes it to be valid. — *Evans v. Huey*, 1 *Bay*, 13.

The rule of suretyship is *strictissimi juris*.

3. Where the statute gives a new remedy, and prescribes a form by which it shall be pursued, the form must be substantially followed, or the proceedings are void. — *Davidson v. Gill*, 1 *East.*, 64; *Goss v. Jackson*, 3 *Esp.*, 198; *Dwarris*, 611; *Fitch v. Commissioners of Highways*, 22 *Wend.*, 132; *Commissioners v. Gains*, 3 *Brevard*, 396.

4. A new right or remedy created entirely by statute must be pursued strictly in accordance with the statutory provisions. — *Ham v. Steamboat Hamburg*, 2 *Clarke, Ia.*, 460; *Laverty v. Chamberlain*, 7 *Blackf.*, 556; *O'Brian v. The State*, 12 *Ind.*, 369; *Bailey v. Bryan*, 3 *Jones' Law*, 357.

We conclude, therefore, that because the stay in question is not in compliance with the statute, it is void; and secondly, that the defects cannot be supplied by parol testimony.

COOLEY J.:

A judgment having been recovered against one Richardson, before a Justice of the Peace, in a suit commenced May 13, 1858, Crippen, the defendant in this

suit, appears by the docket of the Justice, to have signed the following entry therein, immediately under the entry of the judgment:

"I acknowledge myself surety for the payment to the plaintiff, by the defendant, to pay the above judgment, with interest and cost thereon, on. or before the expiration of ten months from the 31st day of May, A. D. 1858, agreeably to law.

"WARREN S. CRIPPEN."

Below this was the following subscription: "I approve of Warren S. Crippen as stay. B. BENNETT, J. P."

The judgment not being paid within the time limited, Cox, the owner thereof, brings this action to recover the amount from the surety. The Circuit Judge held the undertaking of the surety to be not in accordance with the statute, and therefore void. This ruling presents the only question for our consideration.

The statute authorizing security for stay of execution, to be taken on the docket of the Justice, is the following: "In all cases where stay of execution is allowed by law, the party entitled thereto shall have stay of execution, by his surety or sureties becoming such security on the docket of the Justice, in substantially the following form: 'I, A. B., hereby acknowledge myself surety for the payment to the plaintiff, by the defendant, of the above judgment, with interest and costs thereon, at or before the expiration of     months from the commencement of said suit. Dated this     day of     , 18  . A. B. Witness, E. W., Justice.'" And such entry shall have the effect of a judgment; and execution may issue thereon in the manner prescribed in this chapter, and an action of assumpsit may be brought thereon."— *Comp. Laws*, §3804. A previous section prescribes the period for which the stay shall continue, and requires

that the sureties shall be satisfactory either to the judgment creditor or to the Justice.

'As the section above quoted, does not require that the security entered into shall follow precisely the form given, it must be held sufficient if it is in substance the same, and omits nothing which the statute makes a requisite. The form is given as a guide simply, for the convenience of the Justice and the parties, to indicate what will be sufficient; and the statute is complied with by any undertaking which embodies the same substance, though the words employed may be different. The form given is exceedingly simple, and embraces only a writing setting forth that the person acknowledges himself surety for the payment of the judgment within the time limited by law, which is dated, signed by the surety, and witnessed by the Justice.

The question which this case presents is, whether the statute is substantially complied with where the Justice has failed to attest the security; and if not, then whether the approval of the security which appears in this case can be regarded as an attestation.

As the form given in the statute includes an attestation, there can be no doubt that, had the terms employed positively required this form to be followed, a security could not be held sufficient which lacked this requisite. But as the statute only requires the adoption of the form in substance, we have only to see whether an attestation answers any substantial purpose; and if it does, we cannot hold that the statute is complied with when this is omitted, any more than if the signature of the surety, or any other substantial requisite, were wanting.

It will be seen, on examination of the statute, that when this undertaking is entered upon the docket in due form, it is somewhat in the nature of a confession of judgment, and has the force and effect of a judgment without any other form or ceremony whatever. There is

nothing in the statute which requires any intervention on
the part of the Justice in taking the stay, or which
demands that it be in his presence, or be brought to
his knowledge, unless the section quoted makes it neces-
sary for him to attest the signature. He is not required
to approve or accept it, if it is satisfactory to the judg-
ment creditor; and as the docket of a Justice is a public
record, at all times open for proper entries, the parties to
the judgment might enter the security in the absence,
and without the knowledge, of the Justice, as properly
as in his presence, if his intervention is not required.
No proof that the Justice was actually present when this
security was entered into can have any bearing, since, if
he was required by law to attest it, his presence could
not be regarded as a legal equivalent for attestation, and
if not required to do so, it was wholly immaterial whether
he was present or not.

The consequences of a conclusion that the security need
not be witnessed are so serious that we cannot avoid be-
lieving the Legislature regarded that act as something
more than an idle ceremony. As the entry of the secur-
ity has the force and effect of a judgment, a Justice
might be called upon to issue execution upon an instru-
ment, of the genuineness of which he knew nothing, but
where he would be required at his peril to take notice
of the real facts, when they might be within the knowl-
edge of a single person only, and that person unknown
to him. Not only would the Justice be thus placed in
peril, but a false and forged instrument would at once,
from the simple fact of being placed upon the docket,
take upon itself the semblance of a judgment upon which
officers would be required to act, so that a party might
find his property seized in execution before he was aware
of a claim.

A statute under which such consequences could follow,
or which should permit judgment to be taken without the

Cox v. Crippen.

intervention of any judicial officer, would be an anomaly. Judgments have never been allowed to be taken against parties upon their own confessions, or in any manner, except in pursuance of forms designed to afford complete protection against frauds or mistakes. Where no suit has been commenced by process, judgment can only be taken in Justice's Court upon confession signed in the presence of the Justice. — *Comp. Laws*, §3655. And it has been held that the requirement that it shall be signed in his presence includes also an attestation by him. — *Beach v. Botsford*, 1 *Doug.*, (*Mich.*,) 199. Confessions in the higher Courts are equally well guarded; and in the case somewhat analogous to the present, where judgment on an appeal from a Justice's Court is authorized to be entered on motion against the surety in the appeal, (*Comp. Laws*, §3866,) such judgment is rendered upon a bond or recognizance properly entered into by the surety before a judicial officer. — *Comp. Laws*, §3837. To hold, therefore, that the attestation is unnecessary here, and that the Legislature regarded it as an immaterial part of the form given, we must first conclude that they have designed to make this case an exception from the general rule of protection, or else that they have imperatively required a witnessing by the Justice, without necessity in other cases where the reasons were the same which exist here, and none other. We cannot come to this conclusion. The reasons for the requirement are strong and obvious; and in making the witnessing a part of the form, we are satisfied the Legislature designed to throw about the surety the ordinary safeguards established for similar cases.

It remains to be seen whether the approval of the security by the Justice, in this case, can be considered a sufficient attestation within the statute. We do not consider any particular form of attestation as essential; and if it clearly appeared from the docket, over the

signature of the Justice, that the security was signed in his presence, we should regard it as sufficient. But nothing of the kind appears. The Justice simply approves "of Warren S. Crippen as stay." When he made this entry, does not appear from the docket. It may have been at the time the security was signed, or it may have been days or weeks afterwards, when the fact that security was entered on his docket first came to his knowledge. There is no implication, from the entry, that the Justice was present when the stay was signed, or had any · personal knowledge concerning it. And by the statute the approval of the security is clearly a distinct act from the attestation. — See *Comp. Laws*, §3802.

We are, therefore, of the opinion that the security in this case was not in substantial compliance with the statute, and was void. The judgment of the Circuit Court must be affirmed, with costs.

CAMPBELL and CHRISTIANCY JJ. concurred.

MARTIN Ch. J., *dissenting:*

I do not concur with my brethren in this case. I cannot understand that a form prescribed to be substantially followed requires the performance of an act not demanded by express language. I do not think that any substantial requisition of a witness to make suretyship valid can be created in this manner.