## Daniel W. Hollister v. Joshua R. Giddings.

*Justice's judgment: Confession: Process.* A justice's judgment rendered on a confession in writing, signed by the defendant in due form, is not affected by the fact that the justice's docket does not show that no process was issued. Judgment by confession is not limited to cases where the defendant voluntarily appears. A confession that is sufficient without process is equally good with it.

*Justice's judgment: Docket: Signature: Stay of execution: Attestation.* Where the entry of a judgment on a justice's docket is followed immediately by the entry of a stay of execution in the same case,—each being dated separately, but the dates both being the same,—and it is inferable from the docket that both entries were made at the same time, as one transaction, and the official signature of the justice is appended at the foot of the entry of the stay, the judgment is not void for want of signature, nor the stay for want of attestation. See *Wright v. Wilson, 17 Mich., 192.*

This case distinguished from *Cox v. Crippen, 13 Mich., 502.*

*Execution: Surplusage.* An execution which commands the officer, in addition to the legal costs, to collect twenty-five cents for the execution, although this is unwarranted under the statute (*Comp. L.*, § 3790), providing for including the fees for an execution in the taxed costs, is not, for that reason, void. The officer must be presumed to know that by law the twenty-five cents is not collectible, and this command may be treated as surplusage.

*Heard April 12. Decided April 16.*

Error to Oakland Circuit.

This was an action of replevin brought in the court below, by Daniel W. Hollister against Joshua R. Giddings, for a horse. On the trial, it appeared that Hollister was the owner of the horse, and that Giddings took it by virtue of an execution issued by one Chatfield, a justice of the peace, upon a judgment in favor of one Mary E. Clarke, against William Retan, which Hollister had stayed. The questions raised relate to the validity of this judgment and execution. The defendant recovered judgment and the plaintiff brings the cause to this court on writ of error.

*Byron L. Ransford* and *F. A. Baker,* for plaintiff in error.

*W. B. Jackson,* for defendant in error.

COOLEY, J.

The questions in this case relate to the validity of a

justice's judgment and the execution issued thereon. The judgment was rendered on confession in writing, signed by the party in due form; but it is objected that the statute authorizing such a confession by its terms, applies only to cases where the defendant voluntarily appears without process; and in this case the docket does not show affirmatively that no process was issued. This objection has no plausibility. A confession that is sufficient without process is certainly good with it.

It is also objected that the judgment is void because not signed by the justice, and that the stay of execution upon it is also void because not attested by the justice. The judgment and stay follow each other immediately on the docket of the justice, and below them both the justice appends his official signature. Each is dated separately, but the dates are the same, and it is inferable from the docket that the entry of the judgment and of the stay was all done at one time, and regarded by the justice as all one transaction, as in fact it frequently is when the judgment is taken on confession. We are inclined to think this a good signing and a good attestation.

In *Wright v. Wilson, 17 Mich., 192,* this court held that a certificate of acknowledgment by a husband, and a separate certificate of acknowledgment by the wife *immediately* under it, in the manner in which these two instruments appear on the justice's docket, were both sufficiently signed by the signature of the officer to the second of the two; he having apparently treated the two as one instrument, and signed in one place for both. That decision is in point here.

It is objected, however, that it does not appear when the justice signed; and that under the rule laid down in *Cox v. Crippen, 13 Mich., 502,* we cannot treat this as a sufficient attestation of the stay. But we think the cases

are distinguishable. In that case the stay was not dated, and the justice had indorsed below it, but also without date, a statement that he approved of the surety as stay. This statement, by its terms, was confined to the responsibility of the party who had become surety; and as it might have been entered at any time, we held that we could not infer that it was entered at the time the stay was, and for the purpose of attesting the signature thereto, and that the undated stay and attestation were in due time. But in this case the justice states no other purpose for which his name is officially subscribed; and as both the judgment and the stay are dated, the time when his official act was done is indicated. *Prima facie* at least, this is sufficient.

The objection to the execution is, that in addition to the legal costs, it commanded the officer to collect twenty-five cents for the execution. This was at one time allowable, while now the fees for an execution are included in the taxed costs.—*Comp. L.,* § *3790.* Very likely the error in this case occurred from the use of an old form. This command was unwarranted, but it did not render the execution void. The officer must be presumed to know that by law the twenty-five cents was not collectible, and the clause directing its collection may perhaps be treated as surplusage.

The judgment should be affirmed, with costs.

CHRISTIANCY, CH. J. and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.