## JOHN E. STANTON
v.
## JAMES McMULLEN.

1. CONSTABLE'S INDEMNIFYING BOND.—If there is reasonable doubt as to the ownership of the goods levied upon, or as to their liability to be taken in execution, the officer may require sufficient security to indemnify him for taking them.

2. SUIT ON BOND—GOOD FAITH.—While it is true that a promise to indemnify another for known acts of trespass cannot be enforced, yet the rule has never been extended to cases where parties in the prosecution of their legal rights, in good faith, have committed an unintentional wrong against another. The rule is limited to cases where the *intention* is to commit a trespass.

3. FACTS TENDING TO SHOW GOOD FAITH.—To defeat a recovery upon an indemnifying bond, it should be shown that the parties thereto were acting in bad faith, intending to make use of the writ to oppress the debtor; and as bearing upon the good faith of the parties, the fact that the debtor, though claiming the property levied upon as exempt, did not furnish to the officer the schedule required by law, thus placing the officer in possession of full information concerning the property, has an important bearing.

4. RECOVERY BY OBLIGEE UPON BOND.—In a suit upon an indemnifying bond, the fact that the execution under which the property was levied directed the collection of a greater rate of interest than allowed by statute, or the further fact that an adjournment of the execution sale was for five days instead of ten, cannot be used by the obligor to defeat a recovery on the bond. At the most, these were mere irregularities, voidable at the option of the execution debtor within a reasonable time. And especially should this be the rule in this case where the record shows that the recovery against the officer was not on account of these irregularities but for selling exempt property.

5. ESTOPPEL.—Where an execution creditor was present at the time his sale was postponed and made no objection to the time, and was likewise present at the adjourned sale, bid upon the property and received the proceeds, it is too late for him, when sued upon his bond of indemnity given to the officer, to say that the sale was not properly adjourned.

6. JUDGMENT IN TRESPASS.—While a judgment in trespass against an officer for selling exempt property is conclusive against him as well as against the execution creditor, who undertook the defense of the case as to the trespass committed, it is not conclusive that the officer and execution creditor knew of the condition of the debtor's property, or that they intended to commit a willful trespass.

ERROR to the Circuit Court of Jo Daviess county; the Hon.

Stanton v. McMullen.

John V. Eustace, Judge, presiding.    Opinion filed December 4, 1880.

On the 17th day of July, 1877, the plaintiff in error, as constable of Jo Daviess county, had in his hands an execution issued by a justice of the peace, for the sum of $24.47 in favor of the defendant in error, and against one George Hewitt. The execution contained a direction to the constable to collect 10 per cent. interest upon the judgment from the 11th day of July, 1875. The constable levied the execution upon certain growing crops in the possession of Hewitt, and advertised the same for sale, to take place on the 27th day of July. After the levy and prior to the day of sale, Hewitt served a notice upon the constable that he claimed the property levied upon as exempt under the statute. On the day fixed for the sale the defendant in error called upon the constable and was then informed by him that the defendant in execution, Hewitt. claimed the property as exempt, and the constable then desired an indemnifying bond from McMullen, and the opinion being expressed by the parties that the crops could not be held under the execution, the bond was given, and the constable and McMullen went to the farm of Hewitt for the purpose of making the sale. Arriving there, they were both notified by Hewitt of his claim to the exemption, and there being no bidders present, the sale was adjourned to the 1st day of August, and notices posted by the officer of the postponement of sale. On August 1st, the sale was made, McMullen being present and first bidding the amount of his execution and costs, to one Wilson, who paid the amount of his bid to McMullen. McMullen retained his money, paying the costs to the constable. Afterwards Hewitt brought his action, which McMullen defended, against the constable for selling exempt property, and recovered double damages, which were paid by Stanton, who then instituted this action against McMullen upon his bond of indemnity

Failing to recover below, he brings the case to this court, and asks a reversal of the judgment of the circuit court.

Mr. L. Shissler, for plaintiff in error; that the execution

creditor cannot object to irregularities in the execution in this case, cited Durham v. Heaton, 28 Ill. 264.

An execution directing the collection of more money than the judgment calls for, is not void, but voidable, and cannot be attacked collaterally: Hunt v. Loucks, 38 Cal. 372; Hollister v. Giddings, 24 Mich. 501.

Where one is employed to commit a *known* trespass, a promise of indemnity is void: Story on Agency, § 339; Broom's Leg. Max. 328; Holman v. Johnson, 1 Cowp. 341; Coventry v. Barton, 17 Johns. 142.

But where the question of title to property is in doubt, or the party does not *know* that the act is a trespass, he may have indemnity: Farebrother v. Ansley, 1 Camp. 348; Gower v. Emery, 18 Me. 83; Coventry v. Barton, 17 Johns. 143; Bond v. Ward, 7 Mass. 123.

Messrs. D. & T. J. SHEEAN, for defendant in error; that the acts of the officer in regard to the levy and sale were void, cited Woodcock v. Bennett, 1 Cow. 739; Cook v. Scott, 1 Gilm. 333.

The officer committed a known trespass, for which he could not be indemnified: Nelson v. Cook, 17 Ill. 443; Coventry v. Barton, 17 Johns. 141; Gower v. Emery, 18 Me. 83; Ogden v. Powell, 7 Ala. 243; Minter v. Bigelow, 9 Porter, 481.

As to notice or postponement of sale: Thornton v. Boyden, 31 Ill. 200; Griffin v. Marine Co. 52 Ill. 130.

Where it is apparent no different result can be attained, a verdict will not be disturbed on account of erroneous instructions: Hazen v. Pierson, 83 Ill. 241; Foster v. C. & A. R. R. Co. 84 Ill. 164; McConnel v. Kibbe, 33 Ill. 176; Dishon v. Schorr, 19 Ill. 59; Andes Ins. Co. v. Fish, 71 Ill. 621; Warren v. Dickson, 27 Ill. 115; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309.

PILLSBURY, J. The execution was the process of the plaintiff, and he having given a bond of indemnity to the officer for seizing property thereon, he is not in a position to urge that it directed the collection of a greater rate of interest than that allowed by statute.

Upon the point made by defendant in error that the sale was adjourned for five days only, and was therefore illegal, it is sufficient to say that the record shows that the defendant in error was present at the time of the postponement of the sale and made no objection to the time, and was likewise at the sale, bid upon the property, and received the proceeds thereof upon his judgment; and even if the sale was not in strict accordance with the statute, it is now too late for him, when sued upon his bond, to urge such error in the sale, to defeat a recovery by the constable.

Especially should this be the rule in this case, as the record discloses that Hewitt recovered against the constable not on account of irregularities in the execution of the writ, but upon the ground that the property sold was exempt by the statute. The error in the execution and the irregularity in the sale —if it was irregular, which we do not now determine—were not of such a character as to render the sale void; at most it was only voidable at the instance of the execution debtor within a reasonable time after sale made.    Hunt v. Loucks, 38 Cal. 372; Hollister v. Giddings, 24 Mich. 501; Jackson v. Spink, 59 Ill. 409.

It is contended by defendant in error that at the time the bond was executed the plaintiff in error knew he would commit a trespass in selling the property, and therefore the bond is void, upon the principle that a promise to indemnify another for known acts of trespass cannot be enforced, as such contracts are contrary to public policy.    This is undoubtedly a rule of the common law, where the proposed act is a palpable wrong and so known to be by the parties at the time of the agreement to perform such act.    Nelson v. Cook, 17 Ill. 443; Coventry v. Barton, 17 Johns, 141.

But it is believed this rule has never been extended to cases where parties in the prosecution of their legal rights in good faith have committed an unintentional wrong against another. We understand the rule to be limited to those cases where the *intention* is to commit a trespass, and does not include cases where the parties are actuated by honest motives in the assertion of what they believe to be their rights under the law, although

it should subsequently transpire that they were not justified in doing the acts contemplated by them when the bond was executed. An examination of the evidence in this record fails to convince us that the parties to this bond were acting from any improper motive in proposing to levy upon and sell the property of the defendant in execution.

Briefly stated, the facts are that the plaintiff in error received the execution in favor of the defendant in error and finding the defendant in execution in possession of certain growing crops, he levied the execution upon them. After such levy, the defendant in execution served a notice upon the constable that he claimed the property as exempt; thereupon the plaintiff in error notified the defendant in error of such claim, and demanded the bond in suit before he would proceed further in making the sale. The bond was given and the sale proceeded. It is true there was some talk between them about the probability of Hewitt being able to make good his claim of exemption, but nowhere is it suggested by counsel or shown by the evidence that it was designed or proposed by them to make use of the writ to oppress the debtor. On the contrary, it is insisted by counsel that defendant in error was ignorant of the condition of Hewitt's property, and that he in giving the bond was acting in good faith in attempting to collect his execution.

Our statute, § 43, Ch. 77, Rev. St., 1874, declares that, "If there is reasonable doubt as to the ownership of the goods, or as *to their liability to be taken on the execution*, the officer may require sufficient security to indemnify him for taking them."

It must be conceded that the circumstances under which the bond in suit was taken, brings it clearly within the terms of the above statute, and that the officer was but exercising a due regard for his own safety in demanding it. It will be noticed that the statute contemplates, when this doubt as to the ownership of the property, or its liability to be seized arises in any given case that the officer, if he proceeds, may become a trespasser, and therefore will not compel him to proceed unless the plaintiff in execution will protect him against the threatened danger. It is only when the officer in the execution of his

writ commits a trespass, and he has to respond in damages therefor, that a breach of the bond can occur, for if the property is liable to be seized and sold under his writ, no loss can be sustained either by him or the obligor in the bond.

The fact therefore that the officer has committed a trespass in seizing and selling property not liable to the execution, instead of militating against his right of recovery upon the bond, is one of the principle grounds for a recovery upon it.

To defeat a recovery upon this bond, we are of the opinion that the facts and circumstances attending the giving and receiving of the bond should show that the parties thereto were acting in bad faith, intending to make use of the writ for the oppression of the debtor by depriving him of property they knew they could not legally seize under the execution. As bearing upon the good faith of the parties to this suit, in proceeding under the execution to sell the property of Hewitt after his notice to the constable that he claimed it as exempt, we may remark, that it does not appear by this record that Hewitt ever presented a schedule to the officer as required by the statute, thereby placing the officer in possession of full information concerning the property owned by him. We have held, Blair v. Parker, 4 Bradwell, 409, that it is necessary in all cases for the debtor to claim his selection of exempt property by scheduling all his property, if he wishes the benefit of the act allowing exemption to be extended to him, and we have not, since rendering that opinion, been led to believe the rule there announced is not the correct one. Now, if Hewitt, when he made his claim by notice, had presented the officer with a schedule of all his property under oath, as required by the statute, and the officer had shown it to defendant in error, there might be some ground for supposing that they were actuated by bad motives if they disregarded such schedule and still persisted in proceeding under the levy.

While we must regard the judgment rendered in Hewitt's favor against the officer, conclusive in this case against him, as well as against the defendant in error as he took upon himself the defense of the suit, yet such judgment is not conclusive that the officer and the defendant in error knew of the con-

dition of the debtor's property, or that they intended any vio-
lation either of the law or of the legal rights of the debtor in as-
serting the claim of defendant in error under the execution, for
these questions were not in issue in that case, and could not be,
as their knowledge or intention could not in the least affect
Hewitt's right of recovery under the statutes for selling ex-
empt property.

So long then, as Hewitt neglected or refused to furnish the
officer the information to which he was entitled under the
statute, in order that he might act advisedly under his writ,
there were warrantable grounds, at least, to believe the prop-
erty in controversy could be legally sold, and under such cir-
cumstances we can readily perceive how the parties to this suit
could honestly entertain the belief that in selling said property
they were but asserting the legal rights of defendant in error
under said writ of execution.

The evidence leads us to believe they were so acting, and
that no reason is shown in this record why the plaintiff in er-
ror should not recover upon the bond.

The judgment will be reversed and the cause remanded.

Reversed and remanded.