## Frank Grimes v. Edwin D. Taylor.

1. REPLEVIN—*When the Law Implies an Agreement by the Plaintiff to Indemnify the Officer.*—Where plaintiff in replevin places the writ in the hands of a constable, directs him to execute it, goes with him to the place where the property is, identifies each piece of property, declares it to be his own, receives it from the officer, and sells it as his own, the law implies an agreement by the plaintiff directing the seizure, to indemnify the officer against any damages he may suffer by reason of the seizure; and if the property involved belongs to another who recovers damages from the officer for the seizure, the officer can recover from the plaintiff who directed the seizure, the amount so paid by him.

2. SAME—*Implied Promises to Save the Officer Harmless.*—Such liability of the plaintiff is not incurred merely by delivering the writ to the officer, but it is the specific direction to do particular acts or take particular goods under it which authorizes the officer to recover indemnity from the plaintiff upon an implied promise to save him harmless for the act.

3. CONTRIBUTION—*Among Tort Feasors—Where the Rule Has No Application.*—The doctrine that there is no right of contribution between joint tort feasors has no application where the question of title

to the property is one of doubt or controversy, or the act done is not an apparent wrong, and the person directed to do the act does not know it is a wrong or trespass.

Replevin.—Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

A. E. SMITH and W. H. SAVARY, attorneys for appellant.

CHARLES B. CAMPBELL, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Frank Grimes sued out a writ of replevin against Joseph Garner, Warren Mann and Addison Mann for four horses and a buggy. The writ was served by Edwin D. Taylor, a constable, who took the property and delivered it to Grimes. Taylor took a replevin bond from Grimes, and it seems to have been in some respect defective, but wherein does not appear, as the bond is not in evidence here. The suit was dismissed as to Garner, and on a trial, Addison Mann recovered a judgment against Grimes for the return of the property to him. It could not be returned because Grimes had sold it. Addison Mann then sued Taylor, the constable, for the wrongful taking of the property and failure to return it, and recovered a judgment, which judgment and costs Taylor paid in the sum of $385.30. Taylor then brought this suit against Grimes for indemnity. The declaration contained appropriate counts upon an express agreement by Grimes to indemnify and save Taylor harmless for taking the property under the replevin writ; upon an implied agreement to so indemnify him; for goods, wares and merchandise sold and delivered; money had and received, etc. Defendant pleaded the general issue. Upon a trial without a jury Taylor recovered a judgment for $385.30, from which Grimes prosecutes this appeal.

It was proved that Taylor hesitated to execute the replevin writ, and that this caused an interview between Taylor and Grimes. Taylor testified to an express agreement by Grimes at that time to keep him harmless against loss or liability by reason of executing the writ. Grimes

denied making such agreement, and called two witnesses to corroborate him, who were present or near by when the conversation between Taylor and Grimes took place. When their testimony is all considered it amounts to no more than that they did not hear or remember much of the conversation and do not know what was said, but do not remember hearing Grimes promise to indemnify Taylor. There may have been that in the manner of Taylor and Grimes on the witness stand which induced the court to believe Taylor rather than Grimes. As Taylor was hesitating to serve the writ, and Grimes desired him to do so, some such assurance from Grimes would have been entirely natural and probable. If the court believed Taylor it was warranted in finding for Taylor upon an express contract.

We think, however, the proof warrants without doubt a finding for Taylor upon an implied contract to indemnify him. Grimes gave the writ to Taylor, directed him to execute it, went with him to the place where the property was, identified each piece of property as it was brought out of Mann's barn to the road, declared it to be his own property, received it from the officer, and afterward sold it as his own. The first instruction given for plaintiff in Nelson v. Cook, 19 Ill. 440, 450, declared that in such a case the law implies an agreement by the plaintiff directing the seizure of property to indemnify the officer against any damages he may suffer by reason of the seizure, and that if the true owner recovers damages from the officer the latter can recover from the plaintiff who directed the seizure the amount so paid by him. This instruction was there approved, and to the same effect was the earlier decision in the same cause in 17 Ill. 443. The cases treat the officer acting in obedience to the directions of the plaintiff in the writ, as the agent of such plaintiff; and in Selz, Schwab & Co. v. Guthman, 62 Ill. App. 624, a case similar in principle, the rule is thus stated :

" When, in obeying the orders of, or performing the duties for, his principal, in good faith, the agent incurs expenses or liability, or is compelled to pay damages to third per-

sons, the principal is bound to indemnify and reimburse him."

In Nelson v. Cook, in both reports above cited, it is said this liability of the plaintiff is not incurred merely by delivering the writ to the officer, but it is the specific direction to do particular acts or to take particular goods under it, which authorizes the officer to sue and recover indemnity from the plaintiff upon an implied assumption to save him harmless for the act. Appellant urges that the seizure of this property was a trespass, and invokes the doctrine that there is no right of contribution between joint tort feasors. The cases above cited hold that principle has no application to a case where the question of title to the property is one of doubt or controversy, or the act to be done is not an apparent wrong, and the person directed to do the act does not know it is a wrong or trespass. (Farwell v. Becker, 129 Ill. 261; Stanton v. McMullen, 7 Ill. App. 326.) There is nothing in this record to indicate that this officer acted otherwise than in entire good faith in executing this writ, or that he had any knowledge that Addison Mann was the true owner of the property. Grimes had filed an affidavit in replevin declaring this to be his property, the writ commanded the officer to take it, Grimes delivered the writ to the officer, identified the property to him, declared it to be his own, and directed the officer to take it, and the officer had a right to rely upon his declarations and obey his orders. The judgment is affirmed.