PERLASCA *against* SPARCELLA.

IN ERROR.

ERROR to the Common Pleas of *Philadelphia.*

An amicable action was instituted on the 8th *December* 1810 by *Spargella* against the plaintiff in error, in which special bail was entered in 800 dollars. A rule of arbitration was taken on the 14th, the arbitrators appointed on the 26th, and on the 11th of *January* an award was filed in favour of the plaintiff for 404 dollars and 60 cents. On the 31st of *January* the recognisance of *Ira Allen* as special bail within the act of 21st *March* 1806, was taken, and on the same day excepted to by the plaintiff; and on the 4th of *February* the plaintiff took a *fi. fa.*, which the Common Pleas after argument upon an application by the defendant, refused to set aside.

The error was assigned in the issuing of execution, before thirty days from the 11th of *January*, when judgment was signed upon the award.

*M. Levy* for the plaintiff in error. The eleventh section of the act of 20th *March* 1810 provides, that where judgment has been rendered for a sum of money awarded by arbitrators, the like stay of execution shall be had under the like regulations, as is provided by the seventh section of the act of 21st *March* 1806; 9 *St. Laws* 149; and this section enacts, that in all suits instituted either by *capias* or *summons*, execution shall be stayed, if exceeding 400 dollars, twelve months from the first day of the term to which the original process issued is returnable, if the defendant is a freeholder worth the amount of the judgment clear of incumbrance; or if he is not a freeholder, execution may immediately issue, unless the defendant *enter surety in the nature of special bail*, in which case there shall be a stay for thirty days; and if within that period he shall give security for debt and costs, he shall have the same stay as a freeholder. The same section puts *amicable* actions upon a similar footing, unless otherwise provided in the agreement. 7 *St. Laws* 563. The

---

1811.

*Philadelphia,*
*Tuesday,*
April 2.

If special bail has been entered at the commencement of a suit, in a sum sufficient to secure the amount which has been awarded by arbitrators in the cause, it is not necessary for the defendant to enter special bail *de novo*, to intitle himself to a stay of execution for thirty days after judgment, according to the 11th section of the act of 20th *March* 1810, and the seventh section of the act of 21st *March* 1806.

only question is whether if special bail is entered at the beginning of a suit, it does not supersede the necessity of entering it after the suit is ended? And why should it not? It is precisely the same security, at whatever time it is entered, and is of the same advantage to the plaintiff. The legislature did not intend that if special bail had been already entered, the defendant should procure it a second time. It would be a vain thing as it respects one party, and an oppressive one as to the other. Though it may be within the letter, it is not within the spirit and meaning of the law. There was no design that the special bail should be cumulative, but only that there should be bail for the forthcoming of the defendant's person, while he was seeking security for debt and costs; and it will answer that purpose if it has been entered at the beginning of the suit.

*A. Shoemaker* for the defendant in error. The privilege of a stay for thirty days is one to which the defendant below was not intitled at common law. The act gives it to him, and he must take it upon the terms of the act. It is enough that the law is so written, and it has been the practice to construe this arbitration law strictly. But there is a substantial reason for it. Bail which was not excepted to at the commencement of the suit, may become bad before the end of it. It may be insufficient for the debt; and the legislature in postponing the execution after a debt was ascertained, did not mean that the plaintiff should incur the least risk. In fact the defendant below shewed this to be his own construction of the law, by entering bail after judgment; but this having been excepted to and not justified, was of no effect.

TILGHMAN C. J. This is a writ of error to the court of Common Pleas of *Philadelphia* county. The error complained of, is in issuing the execution. It was an amicable action entered by agreement on the 8th of *December* 1810, and submitted to arbitration. On the day of entering the action, special bail was entered by the defendant in 800 dollars. On the 11th *January* 1811, a report of the arbitrators for 404 dollars 60 cents in favour of the plaintiff was filed, and judgment entered; and on the 4th *February* 1811, the plain-

tiff took out an execution. The plaintiff in error, who was defendant below, contends, that having entered special bail, he was intitled to a stay of execution for thirty days after the judgment. But this is denied by the defendant in error, who says that the law gave no stay of execution, because security in the nature of special bail was not entered *after* the judgment.

It is enacted in the eleventh section of the act regulating arbitrations (20th *March* 1810,) that where judgment has been rendered for any sum of money, " the like stay of exe- " cution shall be had under the like regulations, as are pro- " vided by the seventh section of an act, intitled an act to " regulate arbitrations and proceedings in courts of justice, " passed 21st *March* 1806." The provision in the seventh section of the act referred to, is as follows. In all suits instituted by capias or summons, the execution shall be stayed on the judgment, if it shall not exceed 200 dollars, six months; if not exceeding 400 dollars, nine months; and if exceeding 400 dollars, twelve months from the first day of the term to which the original process was returnable, if the defendant in the opinion of the court, is possessed of a freehold estate, worth the amount of such judgment *clear of incumbrances;* but if the defendant is not a freeholder *as aforesaid,* then execution may issue *immediately,* unless the defendant shall enter *security in the nature of special bail,* in which case there shall be a stay of execution thirty days; and if at or before the expiration of that time, the defendant shall give security for the amount of debt interest and costs, such defendant shall be intitled to the same stay of execution as if he was a freeholder, " and the like stay of execution shall be had upon " judgments obtained in *amicable actions,* unless when it is " differently provided for by the parties in their terms of " agreement, counting from the date of the agreement."

The intent of this provision is very plain. If the defendant is a freeholder, possessed of *clear* real estate to the amount of the judgment, he is intitled to the stay of execution above mentioned, without giving any kind of bail or security. But if he is not *such a freeholder,* he is subject to *immediate* execution unless he gives security *in nature of special bail.* If such security is entered, the plaintiff is suffi-

ciently safe, and there shall be a stay of execution for thirty days from the judgment, in order to give the defendant time to enter security for debt and costs, if he shall think proper. But in the case before us, special bail was entered not after the judgment, but at the commencement of the action. It is out of the *letter*, but clearly within the *spirit* of the law. For what can be the occasion of entering security *in nature of special bail*, when *special bail itself* has been entered? What advantage will the plaintiff gain by it? It increases the costs, and oppresses the defendant for no useful purpose. This provision was made for the benefit of the defendant, and is intitled to a favourable construction, as far as it can be made without injuring the plaintiff. If the special bail entered before the judgment, was *not in a sufficient sum to* secure the amount recovered, there might be reason for entering security in the nature of special bail *after* the judgment. But that is not the present case. When such a case shall arise, it will be time enough to give an opinion on it. Here the bail was much more than sufficient. I am therefore of opinion that the defendant was intitled to a stay of execution for thirty days after the judgment, and consequently the execution was issued erroneously.

YEATES J. I am unfortunate enough to dissent from the construction of the law as insisted on by the counsel of the plaintiff in error. I am bound to express my own opinion. The eleventh section of the " act regulating arbitrations" passed 20th *March* 1810, incorporates under certain provisions, the seventh section of the arbitration law of the 21st *March* 1806 as to the stay of writs of execution upon judgments. 7 *St. Laws* 563. The words of this seventh section are very general and comprehensive, and include " all suits instituted " either by capias or summons in any court of record within " this commonwealth."

The now plaintiff in error, who was the defendant below, does not appear to be a freeholder, and therefore under the particular circumstances of the case, would be intitled to a stay of execution of twelve months, counting from the 8th *December* 1810 when the suit originated, provided he has conformed to the act. In such cases the law directs, " that

" execution may *immediately* issue, unless the defendant
" shall enter surety in the nature of special bail, in which
" case there shall be a stay of execution for thirty days; and if
" at or before the expiration of that term, the defendant
" shall give security for the amount of debt interest and
" costs, such defendant shall be intitled to the same stay of
" execution, as if he was a freeholder."

1811.

PERLASCA
v.
SPARGELLA.

It is asked why shall the defendant enter special bail a second time? The law intended to grant a benefit to the debtor; but such a construction would be oppressive on him. It is answered that he thereby intitles himself to a stay of execution for thirty days, during which period he may provide other security for the payment of the debt interest and costs. The special bail first entered was, that the defendant should pay the condemnation money and costs, if cast in the action, or surrender himself a prisoner to the sheriff of the county. But by this new security he elects to have the benefit of the stay of execution; and the words " that exe-
" cution may *immediately* issue unless &c." are susceptible of no other construction. The entry of special bail to the action in its commencement, does not of itself prevent the plaintin from issuing execution after judgment, within the terms used by the lawmakers. Should this answer be deemed unsatisfactory, I have only to remark, that the intention of the legislature, whatever may be its grounds, is clearly and distinctly expressed in the clause under consideration. 1 *Black. Com.* 94, *Christian's note* 21. It embraces all suits originating by capias, whether the defendant be admitted to bail, returned in custody, or his appearance be accepted. Such was the idea of the defendant's counsel in the Common Pleas, when *Ira Allen* entered into a recognisance after the judgment; but he was afterwards excepted to, and formally waived. It was therefore incumbent on the defendant below to find sufficient bail to intitle himself to the benefit of the act; and on failure thereof, I think the court were warranted in the award of execution. I am for affirming the judgment of the court of Common Pleas.

BRACKENRIDGE J. expressed his concurrence with the Chief Justice.

Execution set aside.