## Spalding *against* Nolcott.

The recognizance before a justice of the peace for a stay of execution is one of special bail in its *technical* sense—bail for the body—therefore, a *scire facias* cannot issue upon it until a *capias ad satisfaciendum* has issued against the defendant, and been returned *non est inventus.*

ERROR to *Bradford* county.

Appeal from a justice of the peace, John Spalding against Erastus Nolcott. The plaintiff had obtained a judgment against Richard Elston, upon the docket of Justice Comstock, and Erastus Nolcott entered into a recognizance before the said justice, to entitle the defendant to a stay of execution for six months. At the expiration of

[Spalding v. Nolcott.]

this period an execution was issued and returned, "no property," upon which a *scire facias* issued: and the question was whether the plaintiff upon these facts was entitled to recover.

The court below (Herrick, President,) was of opinion that the plaintiff was not entitled to judgment, and so directed the jury, who found accordingly.

*Elwell* and *Williston*, for plaintiff in error, cited the act of assembly and Speakman *v.* Pearce, 1 *Yeates* 347.

*Connyngham*, contra, cited Commonwealth *v.* Kite, 5 *Serg. & Rawle* 399; Parlasca *v.* Spargella, 3 *Binn.* 427.

PER CURIAM.—It will be found that the legislature have ever used the words special bail in their technical sense; as bail for the body instead of bail for the money. The distinction is strikingly evinced in the seventh section of the act of 1806, which gives a stay of execution on a judgment in court for thirty days, if the defendant enter security in the nature of *special bail;* and the further stay of a freeholder, if within the thirty days he enter security for the *debt.* The nineteenth section of the act of 1810, gives the defendant in a suit before a justice, a certain stay, if he be a freeholder or enter " bail to the action." This evidently refers to the appearance bail spoken of in the twelfth section, of which, surrender of the body is a substantive part of the condition. But what if the defendant be not a freeholder and yet have not entered bail to the action originally? He may entitle himself to a stay, on the liberal principle of Parlasca *v.* Spargella, 3 *Binn.* 427, by entering the bail after judgment. The difficulty, in that case, was to get rid of the letter of the act, which directs it to be entered subsequently. But be it entered when it may, it must be *special* bail so far as to contain a clause of discharge on surrender of the principal. The direction, therefore, was right, that a *capias ad satisfaciendum* should have been returned before recourse had to the bail.

Judgment affirmed.