RALPH CLARK and FRANK WORK, Plaintiffs *vs.* FRAN-
CIS RANDALL and BURR W. GRISWOLD.

ERROR TO CIRCUIT COURT, MILWAUKEE COUNTY.

Heard July 14.]                              [Decided July 20, 1859.

*Attorney—Indemnity—Agent and Principal—Action.*

R., an attorney of C., made a bond of indemnity to an officer having in his hands
an execution in favor of C., and against his debtor, to indemnify the officer
in making a levy upon the supposed property of the debtor, and afterwards
R. had to pay the amount of a judgment recovered against the officer by rea-
son of the levy; held that R. could maintain an action against C. for the
amount he has thus been obliged to pay, by reason of giving the bond.

An attorney for a client residing out of this state, or at a distance, by virtue
of his employment to collect the debts of his client, is authorized to employ
all the necessary and usual means for the accomplishment of his object, and
his acts are binding on his client.

An attorney for a foreign client, or one residing at a distance, intrusted with
the collection of a debt, has an implied authority to indemnify the officer in
making a levy, and if acting in good faith he suffers thereby, he has a good
cause of action against his client for his own indemnification.

The facts in this case are sufficiently stated in the opinion
of the court.

*Butler, Buttrick, & Cotterill,* for the Plaintiff in Error.

*Brown & Ogden,* for the Defendants in Error.

*By the Court,* Cole, J.   The circumstances under which
this suit was brought may be stated succinctly as follows:
The plaintiffs in error, residing in New York City, employed
the defendants in error, attorneys at law, and at the time living
in Milwaukee, to bring suit upon, and collect and secure cer-
tain claims belonging to them against their debtors in this

state. In the prosecution and transaction of this business, thus entrusted to them, the attorneys, it appears, sued out a certain execution, for the purpose of having a levy made upon a stock of goods, which they undoubtedly supposed, and had good reason to presume, belonged to a judgment debtor, but which, in fact, as the result afterwards showed, had been mortgaged to third parties. This judgment debtor lived some twenty-five miles from Milwaukee; and it further appears, that a chattel mortgage was given thereon, and placed upon file in the proper office, only about three hours before the officer arrived at the place to make the levy. The officer, or marshal, being unwilling to make any levy without the usual indemnifying bond required by him in all cases when he apprehended there would any controversy arise about the property upon which he was about to levy, required of the attorneys such a bond; and they gave it in their own names. Ultimately, and after considerable litigation, the title to the goods taken by the marshal, or his deputy, under the execution, was established to be in the mortgagees, and not in the judgment debtor, and legal steps were taken by the marshal to collect the amount of the judgment which had been obtained against him, out of the attorneys, upon the indemnifying bond which they had given him.

The attorneys having been compelled to pay this amount, brought this suit, contending that their clients, under the circumstances, and by virtue of the relation existing between them, as stated, and of their employment as attorneys, were bound to reimburse them for all damages which they had sustained, in consequence of giving the indemnifying bond. It may be proper to observe, that the defendants in error did not rest their right to recover upon this ground alone; but this is manifestly the main question in the cause, and the one which really must control the case; and we shall base our present decision upon it.

Clark vs. Randall.

It is obvious, therefore, that we have to consider whether the defendants, by virtue of their general authority as attorneys, and under the circumstances in which they were employed, had the right to give the indemnifying bond, and whether, if so, the plaintiffs in error are bound to save them harmless from any damage they may have sustained thereby.

The general rights, duties, and powers of attorneys in suits brought by non-residents, must evidently, we think, be more extensive in this state than they are in England. This arises from the nature and character of the business intrusted to them, and the absolute necessity that they should have full power to promptly do all acts proper and conducive to the collection and security of the debt. As in the present case, a merchant, living at a distance of hundreds of miles, sends a claim to an attorney in this state, instructing him to be vigilant in looking after it, and to urge payment without fear or favor. We place no further stress upon the precise language used by the plaintiffs in error, in their letters addressed to the defendants in error, than to say, that we suppose they contain, substantially, the instructions given in most cases by non-residents to their attorneys here. Living at a distance, they are unable to give specific instructions as to the means to be employed, or the steps to be taken, to secure and collect their claims. Neither are they at hand to give special directions to officers as to the levying of executions, or serving attachments, when such directions are absolutely necessary to secure the debts. Besides, unforeseen emergencies frequently arise which require the adoption of some decided line of action to prevent some tricky and dishonest debtor from placing his means entirely beyond the reach of his creditors. In such cases it is manifestly for the interests of the client that the fullest and largest discretion be given to attorneys in the transaction of the business intrusted to them. They are generally authorized to secure and collect debts, and are clothed with the

power of employing all the necessary and usual means for the accomplishment of this object. An authority is always to be construed as including the usual means of executing it with effect. Paley on Agency, chap. 3, pt. 1, § 5; Story on Agency, § 58.

Now, we presume it to be the general understanding, and quite uniform practice of the 'profession in this state, when prosecuting suits for non-residents, to give directions to officers about serving attachments and levying executions, when any instructions are called for. We do not suppose it is customary to write to clients living at a great distance, who can possibly know but little, if any thing, of the situation of their debtors property, for special directions upon these points. The attorney on behalf of, and as the agent of the principal, gives all proper instructions; and great prejudice, inconvenience, and loss, would ensue to the latter, if the attorney did not do so. And we think all this comes fairly within the scope of his authority, and that it is necessary he should posses this power, in order to protect and preserve the interests of his foreign client. " My own opinion," says Justice Story, in the case of *Pierce et al. vs. Strickland*, 2 Story's R., 292, "strongly is, that the attorney with us is, by implication, clothed with authority, in all cases of this sort, to do all the acts which are usual and proper to protect the interests of his client, in any attachment, as a part of his ordinary duty. It is for the interests of all clients that this authority should exist; for it would be impracticable, in many cases, without great expense and delays, to do many acts which might be indispensable to the security of the clients; and for any abuse or misuse of his authority, the attorney would doubtless be liable to his client." See also *Gordon vs. Coolidge*, 1 Sumner, 537; *Union Bank vs. Geary*, 5 Peters, 99 ; *Halker vs. Parker*, 7 Cranch, 436; *Gordon vs. Gale*, 7 Cowen, 739; *Lynch vs. Commonwealth*, 16 S. & R., 368; *Scott vs. Seiler*, 5 Watts,

335; *Gower vs. Emery,* 6 Ship. (Me.) 79; 8 id., 558; 10 Vt., 68; 14, id., 474; 15 id., 414.

We think, therefore, that the defendants in error had an implied authority, by virtue of their employment as attorneys in the suits, to indemnify the marshal, when about to make a levy under the execution; and that their acts in this behalf were binding upon their clients. And if they executed their own indemnifying bond to the officer, and have, in consequence, suffered from it, it is no more than just and proper, that their clients reimburse them for all damages they have sustained thereby.

It was contended on the argument by the counsel for the plaintiffs that the evidence showed that the defendants in error, or one of them, at least, acted rashly and imprudently in ordering the officer to make the levy. We do not think this charge is sustained by any thing which appears in the case. The attorneys seem to have acted in good faith in ordering the levy, and in giving the bond, and with all the prudence and discretion which any attorney could exercise.

From the views expressed, it becomes unnecessary to notice the other points upon the plaintiffs' brief.

The judgment of the circuit court is affirmed, with costs.