## DAVIS *et al.* v. MATTHEWS.

A nonresident agent, authorized by his principal and charged with the exclusive management of a real estate loan business in this state, including the examination of titles and foreclosure of mortgages, has implied authority to direct a local subagent, through whom all the business has been transacted, to retain a lawyer, whenever the interests of his principal demand professional attention.

(Syllabus by the Court.    Opinion filed Feb. 26, 1896.)

Appeal from circuit court, McCook county. HON. JOSEPH W. JONES, Judge.

Action to recover for legal services. From a judgment for plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

*E. H. Wilson,* for appellant.

An attorney has no implied power to employ counsel at his client's expense. Mechem on Agency, § 813. An attorney em-

ployed to prosecute a suit, in the absence of directions from his client, cannot delegate his authority as such to another attorney. Crotty v. Eagle's Adm'r, 13 S. E. 59; Voorhis v. Harrison, 22 La. Ann. 85; Young v. Crawford, 23 Mo. App. 423.

*Davis, Lyon & Gates, pro se.*

The attorney, in employing plaintiffs, did not delegate his power; he only exercised it, and in so doing he did not exceed the powers which the nature and extent of the business conferred. Mechem on Agency, § 395. The authority of the general agent is always construed to mean the necessary and usual means to execute it properly. Id. § 194; Bodine v. Exchange F. Ins. Co., 51 N. Y. 117, 123. See, also, Weeks on Attorneys, § 246. An agent for the collection of a demand has implied authority to employ the necessary attorney to bring suit. Mechem on Agency, § 194; Commercial Bank v. Martin, 45 Am. Dec. 87; Buckland v. Conway, 16 Mass. 396; Briggs y. Georgia, 10 Vt. 68. See, also, Mechem on Agency, § 395; German F. Ins. Co. v. Greenart, 122 Ill. 68; Clark v. Randall, 9 Wis. 135; 1 Am. & Eng. Ency. of Law 349; Guelich v. National Bank, 56 Ia. 434.

FULLER, J. At the trial of this case in the court below the jury returned a verdict of $100 against the defendant in plaintiff's favor, upon a claim for attorney's fees. This appeal is by the defendant from a judgment accordingly entered, and from an order overruling a motion for a new trial. While the testimony essential to a determination of the questions of law presented will be treated in connection therewith, a proper understanding of the theory upon which the case was tried requires a statement of the most influential facts disclosed by the record. There was no question as to the value of the services, and it is not claimed that appellant personally employed respondent's to perform the same. In this state and the territory from which the same was organized appellant, a resident of Milwaukee, had been for more than twelve years engaged con-

tinuously in the land and real estate loan business through his agent in that city, to whom it appears he had delegated full power and authority to transact the same. With actual knowledge on the part of appellant, and under the immediate supervision of his Milwaukee agent, the business above referred to was all transacted for appellant by M. Grigsby, Esq., of the city of Sioux Falls. Frequently, and whenever Mr. Grigsby talked with appellant concerning his business in this territory and state, he was invariably given to understand by that gentleman that Mr. Day, the Milwaukee agent, had full charge of the same. Furthermore, the benefits derived from the numerous transactions carried on and consummated by Mr. Grigsby at the request of Mr. Day, including the matter under consideration, seem to have been accepted and retained by appellant without any objection. Under this arrangement, and in the name of appellant, money was loaned, taxes were paid, mortgages were foreclosed, land was bought and sold, both at private and foreclosure sale, and all business incidental thereto was transacted by Mr. Day as manager for appellant, through the agency of Mr. Grigsby. Under the authority actually or ostensibly conferred by appellant, Mr. Day had power "to do everything necessary or proper and usual in the ordinary course of business for effecting the purpose of his agency." Sec. 3981, Comp. Laws. It appears from the evidence that the owner of a certain tract of land upon which appellant held a mortgage to secure a loan made through the agency above mentioned had allowed the premises to be sold for delinquent taxes. A deed had been issued, and it became necessary to take immediate steps to remove the cloud thus occasioned, and protect the interests of appellant. The services performed by respondents were in connection with this matter, and are conceded by appellant to be of the value for which judgment was rendered. Before respondents were employed, Mr. Day and Mr. Grigsby had talked the matter over frequently, and had made numerous attempts to effect an adjustment of the differ-

ence between appellant and the holders of the tax deed without litigation. Mr. Grigsby testified: "They [the holders of the tax deed] wanted us to pay, I think, $400. I was frequently in Mr. Day's office, and we talked the matter over, and decided that we would fight the case, and not pay the sum." "Acting under the instructions of Mr. Day, I employed the plaintiffs to clear up the title to the tax deed, and to act as attorneys for Mathews in clearing up the same land." "My directions always came from Mr. Day. After these transactions, I saw Mr. Matthews, and he always expressed his satisfaction. Everything was all right, and he gave me to understand that Mr. Day had full charge of all his business." From the foregoing and other testimony of Mr. Grigsby found in the record, when considered with the numerous letters of Mr. Day in relation to the matter before us, it is evident that appellant cannot escape liability in case it should be found that Mr. Day had actual or ostensible authority to employ respondents to perform the service to recover for which this action was brought. Although Mr. Grigsby, as an attorney at law, had rendered professional services in other and distinct matters, under the direction of Mr. Day, his action in connection with the employment of respondents in this case was purely mechanical and ministerial, and in effect the same as though Mr. Day had merely directed Mr. Grigsby to request respondents to perform the service for Mr. Matthews. If Mr. Day had authority to employ respondents, he could delegate that power to Mr. Grigsby, under Section 4003 of the Compiled Laws.

This brings us to a consideration of the most important question presented by the record. The time was near at hand when appellant, under the statutory limitation, would be estopped from commencing an action to avoid the force and effect of the tax deed recorded nearly three years prior thereto. Comp. Laws, § 1640. Appellant for many years had known that his managing agent, Mr. Day, was employing an attorney in this territory and state to render such professional services

as might be required in connection with the local business of his principal, and had at all times acquiesced therein, and sanctioned the practice, by receiving the benefits derived therefrom, and by paying for the same without objection. Neither appellant nor Mr. Day, so far disclosed by the record, was ever within the boundaries of this state; and it was manifestly necessary from the methods employed, as well as from the nature and extent of the business transacted, that appellant should delegate to Mr. Day full authority to employ an attorney whenever it became necessary. The fact that Mr. Day had usually employed Mr. Grigsby does not tend to prove that he was without power to direct Mr. Grigsby to place the matter with which respondents were intrusted entirely within their hands, and that was just what appears to have been done. With reference to the business that was being transacted Mr. Day had the powers of a general manager, and was authorized to do or cause to be done, in the usual and accustomed manner, everything necessary to protect the interest of his principal. Mechem, Ag. 395; Insurance Co. v. Grunert, 112 Ill. 68; Bodine v. Insurance Co., 51 N. Y. 117; Bank v. Martin, 45 Am. Dec. 87; Briggs v. Town of Georgia, 10 Vt. 68; Clark v. Randall, 9 Wis. 138. Appellant concedes that the services rendered by respondents, for which he has paid nothing, were valuable; and under the law, as applied to the facts before us, he cannot escape liability. From a regardful consideration of the numerous assignments of error relating to the court's charge to the jury and to its rulings on questions of evidence, we find nothing for which the case should be reversed. The judgment appealed from is therefore affirmed.