Selz, Schwab and Company, Doggett, Bassett and Hills Company, Simeon Farwell, Henry S. Farwell, Stephen Laskey, Leopold Simon, Louis Mayer, Henry W. K. Cutter and Charles H. Crossette v. Sigmund Guthman, Ed. T. Carpenter, John Telling, Oliver C. Wyman, G. W. Partridge, Samuel D. Coykendall and Henry W. Price.

1. LAWS—*Of Other States—Presumptions.*—In the absence of evidence showing what are the laws of another State, the presumption is that the common law is in force and prevails there.

2. SAME—*Attachment Act.*—The attachment act of this State is not a part of the common law.

3. RATIFICATION—*Of Agreement Made by Attorneys.*—An agreement made by the attorneys for different parties to attachment proceedings (but without authority from their clients), to make common cause and pro rate proceeds, costs and damage, can not be repudiated by such parties, after they, having knowledge of the same, make no objections and receive the benefits of such agreement.

4. SHERIFF—*Right to Indemnify.*—A sheriff who acts upon the instance and request of a creditor and levies an attachment upon property pointed out to him as that of the defendant in the attachment is entitled to call upon such creditor for protection against the claims and suits brought against him by persons whose property he may in fact have seized.

5. SAME—*When an Agent in Serving Attachments.*—Where a sheriff levies upon goods pointed out to him by an attaching creditor as the property of the defendant in this attachment, he acts as the agent of such creditor, and if a judgment is recovered against him by a third person as the owner in fact of such property, he has a right to insist that such creditor shall either pay the judgment or defray the expenses of an appeal.

6. AGENTS—*Principal Bound to Indemnify.*—The principal is bound to indemnify the agent against the consequences of all acts done by him in the due execution of the authority conferred upon him. And when in obeying the orders of, or performing duties for his principal, in good faith, the agent incurs expenses or liability, or is compelled to pay damages to third persons, the principal is bound to indemnify and reimburse him.

7. SAME—*When Sued for Acts Done.*—When an agent is sued for an

act done in pursuance of his employment he is not obliged to let judgment go against him, but may defend the suit and recover from his principal the expenses of such defense, made in good faith.

8. CLIENTS—*When Bound by the Acts of Their Attorneys.*—Where the proceeds of a litigation is paid to the attorney of the party to whom they belong, the fact that the attorney proved false to the trust reposed in him and failed to pay over what he received does not affect the liability of his client to indemnify the sheriff as his agent in such litigation.

9. CONTRIBUTION—*When Allowed Among Co-tortfeasors.*—When attaching creditors acting in concert, sue out attachments in good faith, exercising such prudence and caution as ordinary prudent persons would exercise, with no intention of committing a trespass or injuring any one, and with the honest belief that their attachments can be maintained, the concerted act is not such a tort as forbids one of the creditors who has paid a judgment against him for the unsuccessful and, as found, legally tortious act of all, to insist upon contribution from his co-tortfeasors.

**Bill for Contribution.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed March 3, 1896.

## STATEMENT OF THE CASE.

This is an action brought in equity by appellants against appellees, for contribution.

For some time prior to December 28, 1887, one Henry Cahn had been engaged in the mercantile business at West Superior, in the State of Wisconsin: on the date last aforesaid he made and executed two chattel mortgages; one to Lazarus Silverman, to secure the payment of his promissory note, dated December 28, 1887, for $550, due one day after date; the other to L. F. Menzesheimer, to secure the payment of his promissory note, bearing date December 28, 1887, for the sum of $3,310, due one day after date; both of said mortgages being given upon property described as follows:

" All the stock of clothing, furnishing goods, boots and shoes, trunks and valises, hats and caps, show cases, lamps, and all other personal property of any name and nature now contained in the store building now occupied by said George

Cahn, located on Tower avenue, in the Village of Superior, in Douglas County, State of Wisconsin."

Immediately upon the execution and delivery of said chattel mortgages, the mortgagees took possession of said mortgaged property, and commenced selling the same, and Cahn left the city and State.

At the time of the executions of said chattel mortgages, Henry Cahn was indebted to appellants and appellees (or to their predecessors) in various sums. For the purpose of enforcing the collection of their several claims, said creditors afterward began attachment suits against Henry Cahn in the Circuit Court of Douglas County, Wisconsin, and caused said attachment writs to be levied upon the Cahn stock of goods, then in the hands of Menzesheimer and Silverman, mortgagees; said writs being levied in the following order of priority, to wit: On January 6, 1888, Wyman, Mullen & Co., at 10 A. M.; Selz, Schwab & Co., at 3:45 P. M.; Doggett, Bassett & Hills Co., at 3:50 P. M.; Simeon Farwell & Co., at 3:55 P. M.; Simon & Mayer, at 4 P. M.  On January 7th, Guthman, Carpenter & Telling, at 10 A. M.; Cutter & Grossette, at 10:45 A. M., and Henry W. Price, at 4:45 P. M.

D. E. Roberts acted as attorney for Wyman, Mullen & Co., Steele & Jones as attorneys for Henry W. Price, and Burhans & Perkins for the rest of the attaching creditors; all of the attorneys residing at West Superior, Wisconsin.

After the seizure of the goods under the writs of attachment, and on the 18th day of January, 1888, said attorneys in behalf of their respective clients (but without express authority so to do) entered into the following agreement:

"STATE OF WISCONSIN, }
 Douglas County.       }  ss.

Whereas, on the 6th day of January, 1888, Wyman, Mullen & Co. began an action by attachment against Henry Cahn, in this court, and attached all his goods, and were the first to attach; and at the request of Burhans & Perkins, attorneys for the hereinafter named attaching creditors, the sheriff returned a seizure of all the goods in said Wyman et al., action; now, therefore, it is agreed by and between

Selz, Schwab & Co. v. Guthman.

the attorneys for Wyman et al., and attorneys for Selz, Schwab & Co., The Doggett, Bassett & Hills Co., Farwell et al., Simon & Mayer, S. Guthman et al., Cutter & Crossette, that as to said creditors, they will between themselves, make common cause against Henry Cahn, and his mortgagees, Silverman and Menzesheimer, and to pro rate costs and damages, if any, and also pro rate proceeds.

Dated January 18, 1888.

Burhans & Perkins,<br>
Attorneys for all except Wyman et al.<br>
D. E. Roberts,<br>
Attorney for Wyman et al.

In consideration of being permitted to pro rate proceeds of goods with the foregoing attaching creditors of Henry Cahn, I hereby agree to pro rate costs and damages.

Henry Price,<br>
By Steele & Jones, his Attorneys.

Dated, January 18, 1888."

The said suits were prosecuted to final judgment; executions were issued upon the judgments, and the aforesaid stock of goods sold, the executions returned satisfied, and the moneys paid to the attorneys for the respective plaintiffs, with the following exceptions; that the execution in the case of Wyman, Mullen & Co., dated March 6, 1888, directed the sheriff of Douglas county to collect the sum of $393.50, and was returned by the sheriff of said county with the following indorsement:

"State of Wisconsin, } ss.
 Douglas County.

By direction of plaintiff's attorney, D. E. Roberts, I have collected the sum of $76 as costs only.

Dan Kennedy,<br>
Sheriff of Douglas County, Wisconsin."

In the case of Henry W. Price, the execution was directed to the sheriff of Douglas county, commanding him to collect the sum of $255.33, and the return of the sheriff shows that he collected $249 and turned the same over to Steele & Jones, "plaintiff's" attorneys.

Prior to the levy by the sheriff of said writs of attachment, he demanded, and received from the several plaintiffs, indemnity bonds.

After the sale of said goods on execution as aforesaid, the mortgagees brought an action against the sheriff for the conversion of said stock of goods, Ross & Dwyer appearing as attorneys for plaintiffs, and Burhans & Perkins, D. E. Roberts and W. M. Steele, appearing for the defendant, and justifying the seizure, levy and sale by the sheriff under the attachments, judgments and executions above set forth.

Said cause was duly tried in the Circuit Court of Douglas County, and judgment rendered in favor of the plaintiffs against said sheriff in the sum of $4,338.60; that cause was appealed by defendant, Kennedy, to the Supreme Court of Wisconsin, and the judgment was therein affirmed, the same attorneys representing the parties in the upper court.

The undertaking on appeal was signed by Doggett, Bassett & Hills Co., Cutter & Crossette, Simon & Mayer, Guthman, Carpenter & Telling, Selz, Schwab & Co., Simeon Farwell & Co., The Northwestern Collection Loan and Trust Association, as well as by J. D. Whitney, Neal Smith, and Dennis Dean, who were local sureties at the request of the attaching creditors.

Upon the affirmance of the judgment in the Supreme Court, and the remanding of said case to the said Circuit Court of Douglas County, an action was brought by said mortgagees against the parties above mentioned as obligors on the undertaking on appeal, to recover the amount of the aforesaid judgment, with costs, and costs in the Supreme Court; and thereupon complainants in this case paid said demand, and said suit was dismissed; after such payment the defendants were requested to pay their pro rata share of said damages, interest and costs, but refused to pay the same or any part thereof, except that defendants, Guthman, Carpenter & Telling, paid a portion of their share, but not their full pro rata share. Whereupon complainants brought this suit.

The evidence shows that on the 10th day of March, 1888,

(after judgment had been rendered in favor of Wyman, Mullen & Co., and execution had been issued thereon, but before they had been informed thereof), they assigned their claim against Cahn to one David Goodman for the sum of $222.48, and received from said Goodman an article of indemnity wherein and whereby said Goodman undertook and promised to save Wyman, Mullen & Co., and the sheriff of Douglas county, Wisconsin, harmless, on account of the seizure of Cahn's goods. In no other way did they receive any of the proceeds of the attachment.

The evidence further shows that the moneys realized upon the sale of goods under the execution in favor of Henry W. Price were paid by the sheriff to attorneys Steele & Jones, and by them remitted to the Northwestern Collection Loan and Trust Association of Minneapolis, Minnesota, which shortly thereafter failed, none of said moneys actually coming to the hands of defendant, Henry W. Price.

It further appears from the evidence that said attachments were brought in good faith, in the honest belief that said mortgages were fraudulent and void as to creditors, and for the sole purpose of enforcing the collecting of the claims of appellants and appellees as creditors of Cahn and that no ill feeling or ill will was entertained against the parties.

The evidence shows that Oliver C. Wyman, G. W. Partridge and Samuel D. Coykendall compose the firm of Wyman, Partridge & Co., and that the firm succeeded to the business of Wyman, Mullen & Co., assuming all its liabilities and collecting all of its assets, and that it is practically the same firm under another name.

FLOWER, SMITH & MUSGRAVE, attorneys for appellants, contended that the appellees are liable to contribution under the common law, and the decision of our Supreme Court in Farwell v. Becker, 129 Ill. 261.

As an abstract question of justice and equity, this appeals strongly to our moral sense of right. The attaching creditors were all seeking to collect just and lawful demands, and to make their money out of property which, until but

lately, was beyond all dispute their debtor's, and which they were advised by their respective attorneys and verily believe still remains his in the eyes of the law.

These facts stand admitted upon the record. It is afterward·adjudged that the seizure and sale of the goods and chattels were illegal and void, and the sheriff is held to respond in damages for their value. The sheriff should not suffer, as he has acted under the direction of the plaintiffs or their attorneys in the several actions. The parties who incited the wrongful action should bear the loss; but why one more than another? Is there any more reason why one of these unintentional wrongdoers should bear the whole burden and the rest go harmless, than there is why one surety upon a promissory note, having been called upon to make good his principal's paper, should bear the loss alone? We can conceive of none. Modern equity jurisprudence says there is none and all should bear the loss. Equality, however, is equity, and therefore, where greater benefits have been received by such wrongful acts by some of the wrongdoers than by others, equity will decree that they should bear a greater portion of the loss; hence the doctrine that attaching creditors should contribute pro rata, where attachment is wrongful without *mala fides,* and damages ensue. Public policy does not forbid it and justice requires it. It has been upheld by the Supreme Courts of other States, but none of the decisions are more carefully considered and the principal more clearly defined than in the case decided by our own Supreme Court heretofore cited, viz., Farwell v. Becker, 129 Ill. 261.

J. C. GARVER and A. E. FISHER, attorneys for appellee Price.

Where an attorney is employed to sue for and collect a debt, without express or specific authority, he can lawfully do no more than obtain a judgment, order an execution, receive and receipt for the money. Whittington v. Ross et al., 8 Ill. App. 239.

He can not compromise a suit, give day of judgment, re-

ceive a less amount, or anything but money in satisfaction. Nolens v. Jackson, 16 Ill. 272; Trumble v. Nicholson, 27 Ill. 151; Weatherby v. Fitch, 117 Ill. 75.

Nor extend the time of payment so as to discharge the surety.    Lawrence v. Johnson, 64 Ill. 352.

He has no implied authority to compromise or consent to the judgment, or give up any rights of his client.    Wadhams et al. v. Gay, 73 Ill. 427; Whittingham v. Ross et al. 8 Ill. App. 239.

So limited is his power that when employed by the administrator to sell real estate, he is not authorized to make the sale or receive the purchase money.    Nolens v. Jackson, 16 Ill. 272.

A party will not be bound by a contract entered into on his behalf by his attorney, without previous or subsequent ratification.    Ireland v. Todd, 36 Me. 149.

An attorney of record has no authority to release an indorser so as to make him a competent witness.    York Bank v. Appleton, 17 Maine 55.

To authorize such an act, would have the effect to put the rights and interests of clients unnecessarily into the power of their attorneys.

If any person is injured by what the attorney did without authority, he must look to the attorney for his indemnity. If the attorney exceeded his authority, he must bear the responsibility of the act instead of his client.    Trumble v. Nicholson, 27 Ill. 152.

STRONG, STRUCKMANN & EHLE, attorneys for Wyman, Partridge and Coykendall; W. H. SWIFT, of counsel.

It is important throughout the discussion of this case to bear in mind that all of the transactions out of which this present litigation springs, and all of the facts involved, took place and arose in the State of Wisconsin, and that all the proceedings prior to this action were had in the courts of the State of Wisconsin, and that appellants have failed to show any law of the State of Wisconsin which corresponds to the law of the State of Illinois, providing that creditors

attaching at the same term of court, shall pro rate as to proceeds, nor have they shown any decision of the courts of Wisconsin to 'that effect; and counsel for appellees have been unable to discover any such rule or decision in regard to the statutes and decisions of the courts of Wisconsin. There can be no question that this is a case where the laws of the State of Wisconsin must govern. Mumford v. Canty, 50 Ill. 370; Evans v. Anderson, 78 Ill. 558; Min. Pt. R. R. Co. v. Barron, 83 Ill. 365; Woodward v. Brooks, 128 Ill. 222.

The agreement entered into between the attorneys for the attaching parties to make common cause against Henry Cahn and his attorneys, Silverman and Menzesheimer, and pro rate costs and damages, if any, and also pro rate proceeds between themselves, signed by Roberts, as attorney, without authority from Wyman, Mullen & Co., and without their knowledge, is merely an agreement between the attorneys themselves, and Wyman, Mullen & Co. can not be bound thereby.

An attorney's authority is limited, and where he is employed to sue for and collect a debt without express or specific authority, he can not lawfully do more than obtain a judgment, order an execution, receive and receipt for the money. Whittington v. Ross et al., 8 Ill. App. 239.

An attorney has no implied authority to compromise or consent to a judgment, or give up any rights of his client. Wadham et al. v. Gay, 73 Ill. 427.

The agency of an attorney is limited and special, and under his general retainer he has no authority to compromise a valid claim for less than the full amount. Webster et al. v. Staddon, 14 Wis. 300; Kelly v. Wright, 65 Wis. 239.

While the authority of an attorney to bind his client in a particular case, by an arrangement made in the usual course of a proceeding, with a view to the client's interest, is not denied, it is insisted that the attorney can not bind his client by any arrangement or understanding that there shall be a departure from the usual course of proceeding. Nelson et al. v. Cook, 19 Ill. 451.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged in behalf of appellees Wyman, Partridge and Coykendall, that as the proceedings out of which the present action arose were had in the State of Wisconsin, the laws of Wisconsin must govern the consideration of this case, and that appellants have failed to show any law of the State of Wisconsin corresponding to the law of Illinois, providing that creditors attaching at the same term of court shall pro rate as to proceeds.

No evidence was given showing what the laws of the State of Wisconsin are, and in the absence of such evidence we must presume that the common law prevails there. The attachment law of this State is not a part of the common law, yet we are not in this proceeding to conclude there was no law in the State of Wisconsin under which an attachment could be had or maintained.

It is undisputed that appellants and appellees did commence in the State of Wisconsin suits intended by them to be in attachment against Henry Cahn, and that under such proceedings, a large quantity of goods, at one time owned and possessed by him, and then in the possession of his mortgagees, was seized by the sheriff in that State, and such attachment proceedings being prosecuted to judgment, the goods obtained thereon were sold, and the proceeds distributed, as hereinbefore set forth, to the attachment creditors.

We do not feel called upon to decide whether the attorneys for the respective attaching creditors who entered into the agreement to pro rate, had authority from their respective principals so to do. As to this, attention is called to Clark v. Randall, 9 Wis. 135. It is clear from the evidence that appellees knew what their respective attorneys had done in that regard, and made no objection thereto. Moreover, all of the appellees have, directly or indirectly, received the benefits of such agreement, and it is now too late for them to repudiate the same. Apparently such agreement was in the interests of all of the parties to this litigation.

Suit having been brought against the sheriff, whom all of the parties to this litigation had undertaken to indemnify, judgment was obtained against him, from which judgment an appeal was taken to the Supreme Court of the State of Wisconsin. Wyman, Mullen & Co. did not sign the bond given upon such appeal, and, so far as appears, took no part in prosecuting the appeal, they having previously thereto assigned their claim to Goodman. Wyman, Mullen & Co. now urge that, not having signed said appeal bond, they can not be made to contribute to the payment of the judgment obtained thereon. Wyman, Mullen & Co. were responsible to the sheriff for any loss or damage which he might suffer on account of the levy which he made at their instance and by their direction. The sheriff who had acted upon their request in making the levy was entitled to call upon them to protect him against the claim made upon and suit brought against him by the mortgagees, whose property he had seized. The sheriff had a right to defend such action and to insist that appellees, and others in whose behalf he acted, should either pay the claim or defray the expenses of conducting the suit brought against him. So, too, when judgment was obtained against him, he had a right to insist that those whose agent he had been should either pay the judgment or defray the expenses of prosecuting an appeal to the Supreme Court. Appellees did neither, and they can not now complain of him, or of those who acted in his behalf, that instead of at once satisfying said judgment, they endeavored to have the same set aside by appeal to the Supreme Court. The sheriff in making the attachment had acted as an agent, appellee being among the number of his principals.

A rule which pervades the whole law of principal and agent is, that the principal is bound to indemnify the agent against the consequences of all acts done by him in due execution of the authority conferred upon him. When in obeying the orders of, or performing duties for his principal, in good faith, the agent incurs expenses or liability, or is compelled to pay damages to third persons, the principal is

Selz, Schwab & Co. v. Guthman.

bound to indemnify and reimburse him. When sued for an act done in pursuance of his employment, he is not obliged to let judgment go against him, but may defend, and recover the expenses of a defense *bona fide* made. First Nat. Bank v. Tenny, 43 Ill. App. 544.

Whether Wyman, Mullen & Co. received, directly or indirectly, a portion of the proceeds of the attachment made by them, is immaterial. Their liability is predicated upon the orders given by them to the sheriff to attach and the undertaking by them to indemnify him; and for all things done by him in good faith and in the legitimate pursuance of such orders, they are responsible up to the time they gave notice that they desired that he take no further steps. Randolph v. Blodgett, 17 N. H. 298; Nelson et al. v. Cook, 17 Ill. 443-449; Gower v. Emery, 18 Me. 79; Nelson et al. v. Cook, 19 Ill. 440-453; Clark v. Randall, 9 Wis. 135.

Appellee Henry W. Price, in addition to what is urged by the other appellees, insists that he is not liable to contribute, because no part of the proceeds of the attachment actually came to his hands. A portion of the proceeds was paid to his attorney, and the fact that his attorney proved false to the trust reposed in him and failed to pay over what he had received to Mr. Price can not affect his liability. Price has a claim against his attorney, the amount of which it is to be hoped, at no distant period, he will be able to realize.

Where attaching creditors, acting in concert, sue out attachments in good faith, exercising such prudence and caution as an ordinarily prudent person would exercise, with no intention of committing trespass or injuring any one, and with the honest belief that their attachments can he maintained, the concerted act is not such a tort as forbids one of the creditors who has paid a judgment against him, for the unsuccessful, and, as found, legally tortious act of all, to insist upon contribution from his co-tortfeasors. Farwell et al. v. Becker et al., 129 Ill. 261.

The decree of the Circuit Court is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion. Reversed and remanded.