KNEEDY et al, Respondent, v. KEISER, Appellant.

(168 N. W. 715).

(File No. 4358.     Opinion filed Sept. 3, 1918.     Rehearing denied
November 29, 1918).

1.   **Attorney and Client—Attorney's Employment of Another—Joint
     Services, Liability of Client—Instruction.**
     In a joint suit by two attorneys to recover fees for services
     jointly rendered by them, held, that, it appearing that the at-
     torney first employed by defendant called an assistant into the
     case, and that together they performed the services in question,
     which latter service was accepted without objection by defen-
     dant, he was liable therefor; and an instruction accordingly was
     justified.

2.   **Attorney and Client—Attorney Calling in Co-Counsel—Recovery
     in Joint Suit, Whether Tenable.**
     Where one retained attorney called another into the case who
     assisted in jointly performing the services therein, they may
     jointly sue the client for the services rendered; defendant hav-
     ing without objection accepted the co-counsel's services.

Appeal from Circuit Court, Beadle County. HON. ALVA E. TAYLOR, Judge

Action by E. E. Kneedy, and M. C. Lasell, against J. W. Keiser, to recover attorney's fees. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

*Null & Royhl,* for Appellant.

*M. C. Lasell,* for Respondents.

(1) To point one of the opinion, Appellant cited:

2 R. C. L., 978; 4 Cyc. 986, 950; Mechem on Ag'y, 816.

Respondents cited:

Sedwick vs. Bliss (Neb.) 37 N. W. 483; Vilas v. Bundy (Wis.) 81 N. W. 812; Forbes vs. C. R. I. & P. Ry. Co. (Ia.) 129 N. W. 810; People vs. Pack (Mich.) 74 N. W. 185.

(2) To point two, Appellant cited:

Sherrer vs. Hutchinson County, 10 S. D. 9; Jerome vs. Rust, 21 S. D. 191, 193; Davis vs. Navotney, (S. D.) 87 N. W. 582.

Respondents cited:

Fauble & Smith vs. Davis, 48th Ia. 462; Royer vs. Rassmussen, 34 N. D. 428, 158 N. W. 988.

POLLEY, J. In this action plaintiffs are seeking to recover attorneys' fees for certain legal services alleged to have been performed by them for the defendant. Suit had been started against defendant for the recovery of $25,000 for an alleged libel, and he employed the plaintiff Kneedy to act as his counsel in that case. Kneedy called the plaintiff Lasell into the case to assist him, and together they proceeded in the matter and secured a dismissal of the said action at the cost of the plaintiff therein. Defendant then refused to pay the plaintiffs anything for their services, and this action resuted. Plaintiffs recovered judgment for $106.79, and, from such pudgment and an order overruling his motion for a new trial, defendant appeals.

[1]. Appellant contends that he never employed the plaintiff Lasell nor consented to his employment; that therefore he is not liable to him for any services he may have rendered; that, if Lasell performed any services in the matter, it was at the request of Kneedy; and that he should look to Kneedy rather than to appellant for his pay . He further contends that the plaintiffs could not, in any event, sue jointly or maintain a joint action for the services,

if any, that may have been performed in the case. The evidence shows that appellant employed Kneedy, and that Kneedy called Lasell into the case with him, and that Kneedy and Lasell worked together on the defense of the case. The evidence also shows that appellant knew while the work was being done, that Lasell had been called into the case and that he was working on the case with Kneedy; and it further shows that appellant accepted the services of Lasell without objection or protest. Under circumstances very similar to these, this court, in Davis et al. v. Matthews, 8 S. D. 300, 66 N. W. 456, held that an attorney could recover for his services.

Upon the question of defendant's liability, the trial court instructed the jury as follows:

"You are instructed as a matter of law that, if Keiser employed Kneedy to defend an action brought by Elliott, then Keiser would be liable for the reasonable value of the services rendered by Kneedy in the case. If Keiser employed Kneedy as attorney and Kneedy employed Lasell to assist, and if Lasell rendered services for Keiser, and if Keiser ratified the employment of Lasell, he would be liable for the reasonable value of Lasell's services; or, if Keiser voluntarily accepted the benefits of the services, then this would be equivalent to a consent to an obligation to pay for the reasonable value of such services, so far as the facts of such services were known or ought to have been known to Mr. Keiser."

This instruction is responsive to the evidence and correctly states the law. Appellant does not dispute the performance of the services set up in the complaint, nor does he claim that the judgment is greater in amount than the value of the services performed.

[2] Neither is there any merit in appellant's contention that respondents are not entitled to join in the same action and to recover jointly. This issue was not raised by the pleadings nor by any requested instruction to the jury. The evidence shows that the services were performed jointly, and no reason is suggested by appellant why respondents should not recover in one action rather than to have brought separate actions.

The judgment and order appealed from are affirmed.